Richard J. SYDNES, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 80–2074.

United States Court of Appeals, Eighth Circuit.

Submitted April 23, 1981.

Decided April 29, 1981.

Richard J. Sydnes, pro se.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Richard W. Perkins, Michael J. Roach, Tax Division, Dept. of Justice, Washington, D. C., for appellee.

Before BRIGHT, Circuit Judge, GIBSON, Senior Circuit Judge, and HENLEY, Circuit Judge.

814

PER CURIAM.

Richard J. Sydnes appeals from a decision of the Tax Court[1] determining a deficiency of $166.88 in income tax due for tax year 1975 and assessing damages of $500.00 against him for instituting this proceeding merely for delay. We affirm the decision of the Tax Court.

Sydnes filed a 1971 income tax return on which he claimed an alimony deduction of $545.30 in mortgage payments made pursuant to a July 9, 1971 dissolution of marriage decree. A deficiency assessment resulted when the Commissioner disallowed the deduction on the ground that the mortgage payments were part of a property settlement between Sydnes and his former wife, rather than alimony. *See* 26 U.S.C. § 215. Sydnes filed a petition in the Tax Court, which held that the mortgage payments were part of a property settlement and were therefore not deductible as alimony under 26 U.S.C. § 215. *Sydnes v. Commissioner*, 68 T.C. 170, 176–78 (1977). The Eighth Circuit affirmed the Tax Court's holding on this issue. *Sydnes v. Commissioner, supra, aff'd in part and rev'd in part*, 577 F.2d 60, 63 (8th Cir. 1978).

Sydnes deducted further mortgage payments on his 1973 and 1974 tax returns. After the Commissioner disallowed these deductions, Sydnes filed another petition in the Tax Court, which granted the Commissioner's motion for summary judgment on the ground that Sydnes' second action was barred by the doctrine of collateral estoppel. *Sydnes v. Commissioner*, 74 T.C. 864 (1979) (mem.). Sydnes did not appeal the Tax Court's decision.

In July, 1979 Sydnes filed a third petition in the Tax Court, contesting the Commissioner's disallowance of his deduction of payments on the same mortgage in tax year 1975. On August 13, 1980 the Tax Court granted summary judgment for the Commissioner, who again asserted that Sydnes' contention was barred by collateral estoppel. On its own motion, the court also awarded the United States $500.00 in damages under 26 U.S.C. § 6673.[2]

On appeal Sydnes contends that the Tax Court denied him the opportunity to "clear the record" by showing that certain statements made by the Tax Court in its 1977 decision in *Sydnes v. Commissioner, supra*, 68 T.C. at 170, were untrue.[3] Addressing this contention, we find that the Tax Court correctly applied the doctrine of collateral estoppel to bar Sydnes' contention that the mortgage payments were deductible as alimony. The doctrine is applicable to situations in which the legal matter raised in a second or subsequent suit is

---

1. The Honorable Howard A. Dawson, Jr., United States Tax Court Judge.

2. Section 6673 provides:
   Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.
   26 U.S.C. § 6673.

3. Sydnes also argues that the Tax Court's deficiency determination for tax year 1975 was erroneous because he paid any alleged deficiency in November, 1979. In response to this argument, we note that section 6213(b)(4) of the Internal Revenue Code of 1954, 26 U.S.C. § 6213(b)(4), states:
   Any amount paid as a tax or in respect of a tax may be assessed upon the receipt of such payment notwithstanding the provisions of subsection (a). In any case where such amount is paid after the mailing of a notice of deficiency under section 6212, such payment shall not deprive the Tax Court of jurisdiction over such deficiency determined under section 6211 without regard to such assessment.
   In the instant case, the Commissioner mailed a notice of deficiency in the 1975 tax on April 11, 1979. Sydnes invoked the jurisdiction of the Tax Court on July 10, 1979 by filing his petition contesting the Commissioner's disallowance of his alimony deduction. Under section 6213(b)(4), the Tax Court did not lose its jurisdiction over the case when Sydnes paid the deficiency in November, 1979. Moreover, Sydnes' contention that affirmance of the Tax Court's deficiency determination will require him to pay the tax twice is meritless since the Internal Revenue Service has already credited his 1979 payment.

identical in all respects to the issue decided in the first proceeding and the controlling facts and applicable legal principles remain the same. *Commissioner v. Sunnen*, 333 U.S. 591, 599–600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1948); *Tait v. Western Maryland Railway Co.*, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1470 (1933). If the facts adjudicated in an earlier case relating to one tax year are identical to the facts of a subsequent suit dealing with a different tax year, the prior judgment is conclusive on the same legal issues. *Commissioner v. Sunnen, supra*, 333 U.S. at 601, 68 S.Ct. at 721.

■ The situation in the instant case falls squarely within these principles. Sydnes had a full opportunity to litigate the proper characterization of the mortgage payments when the issue was presented to the Tax Court and this court after the Commissioner disallowed the alimony deduction on his 1971 tax return. In addition, neither the controlling facts nor the applicable law changed between 1971 and 1975, the year Sydnes made the mortgage payments at issue in this case. Because the taxable character of the payments was determined in the earlier proceeding and there was no change in the dissolution of marriage decree or the applicable law between 1971 and 1975, Sydnes' suit seeking a redetermination of the identical question of the tax statute's application merely on the assertion that the Tax Court opinion in *Sydnes v. Commissioner, supra*, 68 T.C. at 170, contains "untrue statements" is barred.

■ Sydnes also asserts that the Tax Court erred in assessing $500.00 damages against him. In concluding that damages were assessable, the Tax Court stated:

> After carefully reviewing the record in the two cases previously filed by this petitioner with this Court involving precisely the same issue, we have concluded that the petition herein was filed merely for delay and that we should impose damages in this case. This has become a frivolous and repetitious claim by petitioner and one which is without any legal justification.

*Sydnes v. Commissioner*, 74 T.C. 864, 870 (1980). In the circumstances of this case, we conclude that the Tax Court's decision was not clearly erroneous.

Accordingly, the decision of the Tax Court is affirmed.