HENRY R. BALLARD, SR. and DOROTHY F. BALLARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ballard v. Commissioner
Docket No. 3187-80.
United States Tax Court
T.C. Memo 1982-56; 1982 Tax Ct. Memo LEXIS 691; 43 T.C.M. (CCH) 465; T.C.M. (RIA) 82056; February 9, 1982. Henry R. Ballard, pro se. Donna I. Epstein, for the respondent. FORRESTER
MEMORANDUM OPINION FORRESTER, Judge: Respondent determined a deficiency of $ 1,338 in petitioners' Federal income tax for 1976. The issues for decision are: (1) whether petitioners have substantiated claimed interest expense, taxes and casualty loss deductions taken on their 1976 joint Federal income tax return; and (2) whether petitioners' constitutional objections to producing their books and records relieve them of their burden of proof. Some of the facts have been stipulated and are so found. Petitioners *692 are husband and wife who resided in San Jose, California, at the time the petition herein was filed. On Schedule A of their 1976 return, petitioners deducted interest expenses of $ 4,778, sundry taxes of $ 2,756, and a casualty loss of $ 700. In his statutory notice of deficiency respondent disallowed these deductions due to petitioners' failure to respond to respondent's letter requesting supporting information. Because the balance of petitioners' itemized deductions ($ 1,270) was less than the allowable standard deduction ($ 2,462), respondent recomputed petitioners' tax using the larger, standard deduction. Consequently, respondent determined a deficiency in tax of $ 1,338. Petitioner has the burden of proving that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. At trial herein petitioner husband made no effort whatsoever to produce any evidence or to testify regarding the disallowed deductions. In fact, he declined to be sworn, contrary to the Court's suggestion, so that any factual representations made could be considered evidence. Instead, he claimed that he *693 would not voluntarily open his records to the Internal Revenue Service (IRS) absent some sort of immunity from criminal prosecution, or other legal proceedings. Petitioner husband framed his argument in terms of his fifth amendment privilege against self-incrimination. The Court questioned petitioner regarding any facts which might tend to lead us to believe that if his records were divulged a criminal action could possibly be pursued. Petitioner refused to state any facts whatsoever, but noted merely that he had nothing to hide. On the basis of the record, this Court ruled from the bench that respondent must prevail. Petitioner made no subsequent effort to place any facts in the record. Petitioners' claim of the fifth amendment privilege against self-incrimination is inapplicable where, as here, the possibility of criminal prosecution is remote or unlikely. Wilkinson v. Commissioner,71 T.C. 633, 638 (1979); Roberts v. Commissioner,62 T.C. 834, 838 (1974). Furthermore, the claim of such a privilege does not overcome the presumption of correctness afforded respondent's determination. Figueiredo v. Commissioner,54 T.C. 1508, 1512-1513 (1970), *694 affd. per order (9th Cir., Mar 14, 1973). This is not the first time that petitioners have raised their instant arguments in this Court. A nearly identical situation arose with respect to petitioners' 1975 taxable year. Petitioners chose to pursue their cause in this Court through the small tax case procedure pursuant to section 7463; [1]Rule 171 et seq., Tax Court Rules of Practice and Procedure. In our unpublished opinion therein we held for respondent on the same grounds as we do herein. Under the circumstances, we think this is a proper case in which to impose damages under section 6673, upon our own motion. See Sydnes v. Commissioner,74 T.C. 864 (1980), affd. 647 F.2d 813 (8th Cir. 1981). Section 6673 directs the Tax Court, on respondent's motion or on its own motion, to impose damages "[w]henever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay." Although this Court has had congressional authority to impose such damages for over 55 years, the instances *695 in which we have chosen to exercise such authority are surprisingly few. See Sydnes v. Commissioner,supra at 870; Wilkinson v. Commissioner,supra at 641.Recent years have brought an explosion of frivolous protester-type cases commenced without any legal justification by taxpayers. Often in such cases, the only logical purpose of the action is delay. Consequently, the imposition of damages under section 6673 has become more common. [2] It is our hope that potential petitioners considering suits based solely on frivolous claims take heed of the warning implicit in these cases. Here, petitioners have required the Court and respondent to consider again identical issues decided against them less than three years ago. We believe that petitioners' only justification in maintaining the instant suit was for delay. Accordingly, the maximum damages authorized ($ 500) are appropriate in this case and shall be awarded under section 6673. An appropriate order and decision for the respondent will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. See Senesi v. Commissioner,T.C. Memo. 1981-723↩, and cases cited therein.