ARMOND L. MELE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mele v. Commissioner
Docket No. 9817-80.
United States Tax Court
T.C. Memo 1983-387; 1983 Tax Ct. Memo LEXIS 399; 46 T.C.M. (CCH) 646; T.C.M. (RIA) 83387; July 5, 1983. Armond L. Mele, pro se. Alfred Pierri, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121 [1] and heard at the Newark, New Jersey, trial session on May 23, 1983. In his notice of deficiency dated April 15, 1980, respondent determined a deficiency of $11,616.50 in petitioner's Federal income tax for the year 1976. By an amendment to his answer filed on March 7, 1983, respondent claimed that the petitioner is liable for additions to tax pursuant to section 6651(a)(1) [2] in the amount of $2,904.13 and section 6653(a) in the amount of $580.83. At issue *401 are (1) whether amounts received by petitioner as wages in 1976 are taxable income; (2) whether he is liable for the addition to tax under section 6651(a)(1) for failure to file a Federal income tax return for 1976; and (3) whether he is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of respondent's rules and regulations. On December 29, 1982, respondent served a request for admissions on petitioner. The response was insufficient and inadequate. The pertinent facts to be gleaned from the pleadings and the admissions are summarized below. Petitioner was a resident of Franklin Lakes, New Jersey, when he filed his petition herein and invoked the jurisdiction of this Court. During 1976 the petitioner was president of R. and L. Suburgan Shoppers News, Inc., a corporation engaged in the publication, distribution and circulation of a weekly shopping newspaper in Bergen County, New Jersey. In that year he received wages of $31,800 from his employment with that company. On or about April 15, 1977, petitioner mailed to respondent a Form 1040 on which he entered his name, address, social security number and the amount ($10,804.30) of *402 Federal income tax withheld for which he requested a refund. He checked the "married filing separately" box and claimed an exemption for himself. On each of the remaining lines of the form the petitioner entered two asterisks. He reported no deductions or credits. He signed the form, and at the bottom thereof typed various constitutional objections. The petition herein contains no assignments of error or allegations of fact. See Rule 34(b)(4) and (5). Instead, various arguments are asserted, i.e., the income tax is unconstitutional; wages are not taxable income; the tax laws are immoral and fraudulent; and there is no law requiring petitioner to file an income tax return. There is no genuine issue of material fact before us, and therefore summary judgment is appropriate. See Rule 121(b). 1. Petitioner's contention that the payments received for his work are not taxable income is without merit. See Rowlee v. Commissioner,80 T.C. No. 61 (June 15, 1983) Slip Opinion at 14-19; and the numerous cases cited therein. See also United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980). 2. The frivolous and discredited arguments relating *403 to the constitutional invalidity of the Federal income tax laws are likewise groundless and meritless. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). 3. Petitioner failed to file a valid Federal income tax return for 1976 and he is therefore liable for the addition to tax under section 6651(a)(1). The document filed by him clearly does not constitute an income tax return because it does not contain any information relating to his income and deductions from which the tax can be computed. See United States v. Porth,426 F.2d 519 (10th Cir. 1970); United States v. Daly,481 F.2d 28 (8th Cir. 1973); Reiff v. Commissioner,77 T.C. 1169, 1176-1180 (1981). [3]
4. Petitioner's meritless *404 and frivolous argument that wages are not taxable income and his failure to file a valid return demonstrate that the underpayment of tax was due to negligence or intentional disregard of respondent's rules and regulations. See, e.g., Reiff v. Commissioner,supra at 1180-1181; Crisman v. Commissioner,T.C. Memo. 1980-361, affd. by unpublished order (5th Cir., March 23, 1981). 5. By filing his petition in this case we think the petitioner has abused the processes of this Court and wasted its resources without any reasonable expectation of prevailing. Therefore, in these circumstances we have concluded that damages under section 6673 should be imposed. In no way can this Court or the government of the United States be reimbursed for the cost and expenses which are a consequence of petitioner's unwarranted actions and which ultimately he imposes on all of the responsible citizens "who honestly and fairly participate in our tax collection system." Sydnes v. Commissioner,74 T.C. 864, 872-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). In our judgment this proceeding was instituted by petitioner merely for delay and *405 it is appropriate to impose upon him the maximum damages of $500 provided by section 6673. [4] See Greenberg v. Commissioner,73 T.C. 806 (1980); Wilkinson v. Commissioner,71 T.C. 633, 639-643 (1979). Accordingly, we will grant respondent's motion for summary judgment and, in addition, impose damages of $500 pursuant to section 6673. An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during 1976.↩
3. At the hearing on the motion for summary judgment petitioner contended that there is no section of the Internal Revenue Code which requires him to file an income tax return. He is wrong. We direct his attention to sections 6011, 6012(a)(1)(A) and 7701(a)(1). See also section 1.6012-1, Income Tax Regs.↩
4. In cases commenced after December 31, 1982, this Court may impose damages up to $5,000. See section 292(g), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 97 Stat. 574.↩