ROBERT E. LYNCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lynch v. Commissioner
Docket No. 15406-81
United States Tax Court
T.C. Memo 1983-428; 1983 Tax Ct. Memo LEXIS 357; 46 T.C.M. (CCH) 829; T.C.M. (RIA) 83428; July 25, 1983. Robert E. Lynch, pro se. Charles W. Maurer, Jr., for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined *359 deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
Tax Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654(a)
1975
$4,315.78
$2,157.89
$ 67.20
1977
$5,839.61
$2,728.92
$199.96
1978
$8,317.32
$3,078.80
$179.80
In his answer, respondent requested that we impose damages under section 6673 on the ground that the proceeding was instituted by petitioner merely for delay. This case is before us on a motion for entry of decision by default as to the underlying deficiencies [2] and additions to tax under section 6654(a) and for summary judgment as to the additions to tax under section 6653(b) and the claim for damages under section 6673. *360 PROCEDURAL HISTORY When he filed his petition in this case, petitioner Robert E. Lynch (petitioner) was a legal resident of Natick, Massachusetts. In his petition, he alleges that he is a duly ordained clergyman and pastor of the Church of the Divine Rule (the church). He further alleges that he "qualifies under an organization which is exempt from the tax under section 501(c)(3)," and, because he has allegedly taken a vow of poverty and "contributes all the money he earns to further [his church's] missionary work," he is not subject to tax on his earnings. He prays for a decision that there is no deficiency for the years 1977 and 1978. In paragraphs 8 and 9 of his answer, respondent affirmatively alleges facts showing that petitioner received stated amounts of salary income, that he underpaid his tax, and that, in all 3 years in question, his underpayment of tax was due to fraud with intent to evade tax. Petitioner failed to respond to this answer, and respondent moved pursuant to Rule 37(c) that the undenied allegations in paragraphs 8 and 9 of the answer be deemed admitted. This motion was served on petitioner on October 28, 1981. Upon petitioner's failure to appear *361 at the hearing on the motion set for November 25, 1981, respondent's motion was granted. On that same date, an order was entered that the allegations of fact contained in paragraphs 8 and 9 of the answer were deemed admitted. Petitioner was served with a notice dated December 10, 1982, that his case was set for trial on March 7, 1983, in Boston. On December 20, 1982, the Court received a document which was filed as a Motion to Dismiss. The motion, signed by petitioner, is entitled "Notice of Withdrawal" and states that petitioner "wish[es] to withdraw my original petition from Tax Court as I was in error in petitioning Tax Court for the following reasons: 1) The Tax Court lacks jurisdiction over me 2) No income was made during the years in question." The motion was denied on December 22, 1982. Petitioner failed to appear at the call of the calendar on March 7, 1983, in Boston, and respondent's counsel orally moved the Court to dismiss the case for lack of prosecution as to the deficiencies and the section 6654(a) additions to tax and to grant summary judgment as to the additions to tax for fraud and the claim for damages under section 6673. On April 7, 1983, respondent filed *362 a written motion for entry of decision by default, and for summary judgment. This written motion was served on petitioner on April 15, 1983, and petitioner was notified that any objections to the motion must be filed by May 16, 1983. Petitioner has filed no such objections. FACTS DEEMED ADMITTED In 1975, 1977 and 1978, [3] petitioner was employed by Polaroid Corporation. He failed to file an income tax return for 1975 or to pay any income tax liability on his earnings for that year. During 1975, he received wages of $16,604.00 and dividend income of $3,963.00, on which the income tax liability due and owing was $4,315.78. Petitioner's failure to file an income tax return and to report his correct taxable income for 1975 was due to fraud with intent to evade tax; his failure to pay his income tax liability for 1975 was due to fraud with intent to evade tax; and a part of the underpayment of tax for 1975 was due to fraud. For the taxable years 1977 and 1978, petitioner *363 received wages of $24,181.02 and $29,859.60, respectively, and dividend income of at least $1,348.00 and $1,660.00, respectively. None of the dividend income was reported on his tax returns filed for 1977 and 1978. On the 1977 tax return, petitioner listed the wages mentioned above but reported no income tax liabilities because, the income tax return states, he made a gift of his income and possessions to his Church of the Divine Rule. On his 1978 return, he stated that he had taken a "vow of poverty" and was, therefore, exempt from taxation. In fact, petitioner made no contributions to his "church" in 1977 and 1978. He had complete control over the church and its funds, which he used for personal expenses of himself and his mother. The "church" is not an organization entitled to receive deductible contributions under section 170(c)(2) and cannot be regarded as an entity separate from petitioner. Petitioner's wages in 1977 and 1978 were paid for services he performed as an individual and not as an agent for the church. Petitioner understated his tax liability by $5,839.61 for 1977 and by $8,317.32 for 1978. Petitioner fraudulently and with intent to evade tax omitted from *364 his Federal income tax returns for 1977 and 1978 taxable income of $1,348.00 and $1,660.00, respectively. A part of the underpayments for 1977 and 1978 was due to fraud. PRIOR LITIGATION Petitioner has twice before litigated tax matters. He brought suit in the United States District Court in Massachusetts, Lynch v. Polaroid Corporation, an unpublished decision reported at 80-1 USTC par. 9191, 45 AFTR 2d 80-951 (D. Mass. 1980), affd. (1st. Cir. June 12, 1980), on the ground that his employer, Polaroid, wrongfully refused to accept as valid his Federal withholding exemption certificate for the years 1976 and 1977. The district court dismissed the complaint because of lack of jurisdiction due to the effects of the Declaratory Judgment Act (28 U.S.C. Sec. 2201) and the anti-injunction provision of the Internal Revenue Code (26 U.S.C. Sec. 7421(a)). This decision was affirmed by the Court of Appeals for the First Circuit in an unpublished order on June 12, 1980. [4]
*365 Petitioner has also been unsuccessful in litigation before this Court. Lynch v. Commissioner,T.C. Memo 1980-464, affd. per order (1st Cir., June 2, 1981), His contentions in that prior case are similar to the arguments set forth in the petition in the present case, all of which are based on his relationship with his "church." This Court's opinion in the prior case, filed October 20, 1980, held that the "church" could not be regarded as an entity separate from petitioner; that he had complete control over the church and its funds; and the funds were used for personal living expenses of petitioner and his mother; that petitioner performed services for Polaroid in his individual capacity; and that petitioner's "alleged church is simply a transparent attempt by him to avoid the federal income tax. Accordingly, petitioner's wages from Polaroid are includable in his gross income for 1976." The records of this Court show that petitioner participated fully in this prior case, submitting a stipulation of facts, exhibits, and a brief, as well as testifying at trial; after this Court entered a decision against him, petitioner filed motions for "reconsideration of findings *366 or opinion" and to "vacate or revise decision," both of which the Court denied. Petitioner subsequently appealed and the court of appeals, in an unpublished Memorandum and Order entered June 2, 1981, affirmed this Court's decision. The petition in the present case was filed June 29, 1981, some 8 months after this Court's opinion in the prior case was filed (on October 20, 1980), and nearly 4 weeks after that opinion was affirmed (on June 2, 1981). The proceedings in the instant case were instituted merely for delay within the meaning of section 6673. DISCUSSION OF LEGAL ISSUES
1. Deficiencies and Section 6654(a) Additions to Tax
Rule 123(b) provides that the Court "may dismiss a case at any time and enter a decision against the petitioner" for "failure of a petitioner properly to prosecute"; for similar reasons, the rule provides, the Court may "decide against any party any issue as to which he has the burden on proof." Petitioner bears the burden of proof with respect to the determined deficiencies and the section 6654(a) additions to tax. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933); see Bixby v. Commissioner,58 T.C. 757, 791 (1972). *367 In view of his failure to prosecute the case at the scheduled trial, and his failure to object to respondent's motion, [5] the deficiency and the mandatory section 6654(a) additions to tax issues are decided against petitioner pursuant to Rule 123(b). That petitioner owes the deficiencies and section 6654(a) additions to tax is confirmed by the facts deemed admitted by the Rule 37(c) order and summarized above. As noted above, moreover, the only substantive allegations contained in the petition refer to petitioner's alleged status as a tax exempt organization and a duly ordained minister of the Church of the Divine Rule. Those allegations were rejected by this Court in petitioner's prior case with respect to 1976, Lynch v. Commissioner,T.C. Memo 1980-464, affd. per order (1st. Cir. June 2, 1981). We have no reason to reconsider *368 the conclusions reached in that case. 2. Section 6653(b) Additions to Tax
As for the motion for summary judgment, respondent bears the burden of proof with respect to the section 6653(b) additions to tax for fraud. Sec. 7454(a); Rule 142(b). Under section 6653(b), an addition to tax is applicable if any part of any underpayment of tax is "due to fraud." [6] For the purposes of that section, fraud is defined as an intentional wrongdoing with the specific intent to evade a tax believed to be owed. Powell v. Grandquist,252 F.2d 56, 60 (9th Cir. 1958); Mitchell v. Commissioner,118 F.2d 308, 310 (5th Cir. 1941), revg. and remanding 40 B.T.A. 424 (1939). To carry his burden of proof, respondent must establish fraud by clear and convincing evidence. Brittingham v. Commissioner,66 T.C. 373, 403 (1976), affd. 598 F.2d 1375 (5th Cir. 1979); Rule 142(b). *369 Respondent has carried his burden. [7] Petitioner has played fast and loose with the tax laws for several years. He tried unsuccessfully to compel his employer to accept a withholding statement that, we infer, was in some way false. He filed no return for 1975, and from his subsequent actions we infer that he failed to file a return as part of his effort to conceal his income and evade payment of his tax liability. In 1976, he set up his alleged Church of the Divine Rule and purportedly made contributions to it in 1977 and 1978. But his representations that he made contributions were false. He retained complete control over the purported contributions and, in fact, used the funds for the personal living expenses of himself and his mother. He purportedly took a so-called vow of poverty and claims that, as a result of these machinations, he is not taxable on his wages. No reasonable person could have believed that such a charade would provide an escape from tax. Cf. Hanson v. Commissioner,696 F.2d 1232 (9th Cir. 1983), affg. a Memorandum Opinion of this Court. *370 In view of the general knowledge, obviously shared by petitioner, that wages are taxable income to the one that earns them, the adoption of this transparent scheme to evade payment of taxes on his earnings is evidence of a specific intent to evade a tax believed to be owed. In addition, petitioner did not report in his returns for 1977 and 1978 any of his dividend income in these years. The reasonable inference is that he sought to evade the payment of taxes that he knew he owed on his income. His admission under the Rule 37(c) order that some part of the underpayment of taxes in 1975, 1977 and 1978 was due to fraud, together with the other deemed admissions, confirms that conclusion with respect to both his wages and his dividends. Such evidence satisfies respondent's burden of proof. Doncaster v. Commissioner,77 T.C. 334, 337-338 (1981). 3. Section 6673 Damages.
Section 6673 [8] in the form in which it applies to this case, authorizes this Court to award damages in an amount not in excess of $500 whenever a proceeding in this Court was "instituted by the taxpayer merely for delay." Respondent in his answer prays for section 6673 damages and, on brief, *371 he urges the Court to grant that prayer. We have concluded that the request should be granted. The petition, as noted above, contained no allegations of error in the notice of deficiency other than allegations with respect to petitioner's alleged exempt status as a church under section 501(c)(3). Prior to the date on which he filed his petition (June 29, 1981), petitioner had received the opinion of this Court (served October 20, 1980) *372 which concluded that his "alleged church is simply a transparent attempt by him to avoid the Federal income tax." Also, on June 2, 1981, some 4 weeks prior to the date on which he filed his petition, the court of appeals had affirmed this Court's opinion.Thus, not only are the allegations in the petition frivolous but petitioner knew they were without merit when he filed his petition. "No reasonably prudent person could have expected this Court to reverse itself" by accepting petitioner's church arguments after they had been rejected by both this Court and the court of appeals. Sydnes v. Commissioner,74 T.C. 864, 872 (1980), affd. 647 F.2d 813 (8th Cir. 1981).
As a result of petitioner's filing the petition, the Commissioner was stayed from making any assessments or taking any steps to collect the deficiencies "until the decision of the Tax Court has become final." Section 6213(a). After this stay went into effect, petitioner took no further steps to prosecute his Tax Court case. He filed no reply to the allegations contained in the answer, which was filed nearly 1-1/2 years before the trial date, and the answer alleges that "petitioner instituted *373 the above-entitled proceedings before the Tax Court merely for delay." He made no response to the motion for entry of an order that the undenied allegations in the answer be deemed admitted. He did not appear at the call of the calendar on which the case was scheduled for trial, and he filed no notice of objection to the motion for entry of decision by default and for summary judgment. After filing his petition, the only action that he took in connection with his case was to file his December 20, 1982, "notice of withdrawal" which the Court filed as a motion to dismiss and denied. [9]
In light of the history of petitioner's handling of this case, we conclude that this action was instituted merely for delay within the meaning of section 6673. See, e.g., Sydnes v. Commissioner,supra;Greenberg v. Commissioner,73 T.C. 806 (1980); Wilkinson v. Commissioner,71 T.C. 633 (1979). Pursuant to that section, respondent is awarded damages in the amount of $500. To reflect the foregoing, *374 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted. All Rules references are to the Tax Court Rules of Practice and Procedure unless otherwise noted.↩
2. The petition states that petitioner "will not address the year 1975 and the deficiency in dispute in the amount of $4,315.78" because that return was filed before he became a member of a "religious order," a status that allegedly shields him from taxation in later years. Other allegations in the petition, however, indicate that the 1975 deficiency and additions to tax are in dispute. We so shall treat the determined liability for that year.↩
3. Petitioner's income tax liability for 1976 was decided by this Court (adversely to petitioner). Lynch v. Commissioner,T.C. Memo 1980-464↩, affd. without published opinion, (1st. Cir. 1981).
4. The opinion of the district court contains the following statement: Had the representation in the W-4 certificate gone unquestioned by the employer Polaroid, and accepted by the I.R.S., the effect would have been that no portion of plaintiff's [petitioner in the instant case] wages would have been withheld by Polaroid to satisfy his Federal income tax liability for the years in question, and he would have received that sum of money in hand. 26 U.S.C. sec. 3402(n)↩.
5. Respondent moved orally, as noted above, to dismiss the case as to the deficiency and sec. 6654(a) additions to tax for failure to prosecute. His written motion is headed as a motion for entry of decision by default; however, it is in substance a motion to dismiss for failure to prosecute as to these issues and will be so treated.↩
6. SEC. 6653. FAILURE TO PAY TAX (b) Fraud--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). * * *↩
7. The petition formally places only the deficiencies for all 3 years in dispute and does not expressly mention the additions to tax under either sec. 6654 or sec. 6653(b). The petition could, therefore, be interpreted as a concession of the fraud additions to tax if the deficiencies are sustained. Respondent's answer, however, contains allegations as to fraud for all 3 years. Recognizing that petitioner is proceeding prose,↩ we have treated the additions to tax as well as the deficiencies for all 3 years as matters in dispute.
8. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT MERELY FOR DELAY. Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. The United States Court of Appeals and the Supreme Court also have "power to impose damages in any case where the decision of the Tax Court is affirmed and it appears that the notice of appeal was filed merely for delay." Sec. 7482(c)(4).↩
9. Granting that motion would have denied respondent's claim for sec. 6673 damages and possibly the sec. 6653(b) additions to tax as well.↩