JERRY C. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket Nos. 19284-82, 25131-82.
United States Tax Court
T.C. Memo 1984-86; 1984 Tax Ct. Memo LEXIS 591; 47 T.C.M. (CCH) 1132; T.C.M. (RIA) 84086; February 22, 1984. Jerry C. Johnson, pro se. Willard N. Timm, Jr., for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: These consolidated cases are before us on respondent's motions for summary judgment and damages under section 6673 [1] for instituting proceedings before this Court primarily for delay. These cases were consolidated by *592 order of the Court on June 1, 1983, pursuant to respondent's motion filed May 31, 1983. Respondent's motion for summary judgment was filed on September 2, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure, and was heard on September 28, 1983. Respondent's motion for damages under section 6673 was filed on October 27, 1983. Respondent determined deficiencies in petitioner's Federal income tax as follows: Additions to tax
Year
Tax
sec. 6651(a)
sec. 6653(a)
sec 6654(a)
1979
$4.264
$1,066.00
$213.20
$177.38
1980
$3,498
$ 853.98
$174.90
$216.56
Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Union City, Georgia, when he filed his Federal income tax returns for 1979 and 1980 and when he filed his petitions in these cases. Petitioner timely filed a Form 1040A, U.S. Individual Income Tax Return for calendar year 1979 with the Internal Revenue Service *593 Center at Atlanta, Georgia. The Form 1040A contained double asterisks in all of the blocks of the form except for petitioner's name, social security number, spouse's social security number, and block 3, showing the name of his wife and that he was filing a separate return. The form contained no information regarding petitioner's income for that year. The double asterisks in the Form 1040A referred to petitioner's objections under the Fourth and Fifth Amendments to the U.S. Constitution to providing the information on the form. Petitioner had taxable wages in 1979 of $19,046.08. Petitioner timely filed a Form 1040 for calendar year 1980 with substantially the same contents as his 1979 return. The form contained no information regarding petitioner's income for that year. The double asterisks in the Form 1040 referred to petitioner's objections under the Fifth Amendment to the U.S. Constitution to providing the information on the form. Petitioner had taxable wages in 1980 for $17,015.35. Respondent determined the documents filed for taxable years 1979 and 1980 were not valid returns. After ascertaining petitioner's income for each of the years concerned, respondent issued *594 separate notices of deficiency for each of the years showing the deficiencies on account thereof. Respondent also determined 25 percent additions to tax for failure to file a return within the time prescribed by law, five percent additions to tax for underpayment of tax due to negligence or intentional disregard of rules and regulations, and additions to tax for underpayment of estimated tax. Petitioner timely filed petitions for these taxable years alleging error in respondent's determinations. Subsequently, the parties entered into a stipulation of facts in which they agreed that respondent had correctly determined petitioner's taxable income for the years at issue. However, petitioner contended (1) the filing of a return without a grant of immunity is a violation of his constitutional rights and (2) the taxation of wages is prohibited by the U.S. Constitution as the 16th Amendment thereto does not tax property but only income from property. On July 12, 1983, this Court filed its opinion in Johnson v. Commissioner,T.C.Memo. 1983-398, a case involving petitioner for taxable year 1978, wherein we held that compensation for labor constitutes income. Petitioner *595 filed a Form 1040 for 1978 filled out in substantially the same manner as for taxable years 1979 and 1980. Furthermore, we held petitioner had unreported income in that year, and we sustained the application of additions to tax under sections 6651(a)(1), 6653(a), and 6654(a). Respondent filed his motion for summary judgment in the instant cases on September 2, 1983, more than 30 days after the pleadings in these cases were closed. In his objection to respondent's motion, petitioner admitted there was no issue as to any material fact regarding the issue of unreported income but requested a hearing and an opportunity to brief this Court that respondent was incorrect in his determination of the tax due. At the hearing on respondent's motion for summary judgment petitioner admitted (1) the amount of income determined by respondent for 1979 and 1980 was correct, (2) there was no outstanding issue of material fact, (3) he bears the burden of proof, (4) the income tax laws are constitutional, and (5) he had no intention of arguing points relating to the 5th and 16th Amendments to the U.S.. Constitution. However, petitioner told this Court he was preparing a brief, already over 50 pages *596 in length, on matters of law applicable to his case and wanted an opportunity to file his brief with the court. Petitioner informed the Court that he saw no point in making any oral argument at the hearing. We granted petitioner 30 days in which to file his brief. However, he apparently chose not to do so as no brief was ever filed by petitioner. As there are no issues of material fact in these cases, respondent's motion for summary judgment is granted. See Rule 121(b), Tax Court Rules of Practice and Procedure. The closest petitioner came to articulating any arguments was in the aforementioned stipulation of facts. The points raised therein can be briefly dismissed. The filing of a Federal tax return without a grant or immunity from prosecution is not a violation of due process. Steinbrecher v. Commissioner,712 F.2d 195, 198 (5th Cir. 1983), affg. a Memorandum Opinion of this Court. Compensation for labor is income. Eisner v. Macomber,252 U.S. 189, 207 (1920); Rowlee v. Commissioner,80 T.C. 1111, 1119 (1983), on appeal (2nd Cir. Sept. 13, 1983). We now turn to respondent's motion to impose damages under section *597 6773. That section provides that whenever it appears to this Court that proceedings before it have been "instituted by the taxpayer merely for delay," damages in an amounr not in excess of $500 shall be awarded to the United States. The awarding of damages under section 6673 has been thoroughly commented upon by this Court on a number of occasions. See Grimes v. Commissioner, 82 T.C.     (Feb. 6, 1984); Sydnes v. Commissioner,74 T.C. 864, 872-873 (1980), affd 647 F.2d 813 (8th Cir. 1981); Greenberg v. Commissioner,73 T.C. 806, 813-816 (1980). [2] In the instant cases, petitioner raised no issue on which he could prevail as a matter of law and has wasted the resources of this Court thereby. Petitioner objected to respondent's motion for summary judgment and indicated he wanted a hearing and an opportunity to submit a brief to support his case. At the subsequent hearing, petitioner stated that he saw no point in making oral argument but said he would submit a brief containing his points. No brief was ever filed by pettioner. We determine petitioner never had meritorious or even colorable arguments to make before this Court, *598 but instituted proceedings merely for delay. Respondent requests damages for each of the years for which notices of deficiency were issued and petitions were filed, which we find appropriate under the circumstances present here. Therefore, the maximum damages of $500 will be awarded to the United States pursuant to section 6673 for each of these consolidated cases. Petitioner is admonished that any continuance of such frivolous action in cases commenced after December 31, 1982, could subject him to more substantial damages. See Grimes v. Commissioner,supra at pp.6 and 7 (slip op.) Appropriate orders and decisions will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise indicated.↩
2. Perkins v. Commissioner,T.C. Memo. 1983-474, on appeal (6th Cir. Oct. 13, 1983); Mele v. Commissioner,T.C. Memo. 1983-387; and Cornell v. Commissioner,T.C. Memo. 1983-370↩.