JAMES E. MCFARLAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McFarland v. Commissioner
Docket No. 17969-85.
United States Tax Court
T.C. Memo 1986-352; 1986 Tax Ct. Memo LEXIS 250; 52 T.C.M. (CCH) 68; T.C.M. (RIA) 86352; August 6, 1986. James E. McFarland, pro se. Christine V. Olsen, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This *252 case [1] was heard pursuant to the provisions of section 7456(d)(3) [2] and Rules 180, 181 and 182. [3]
Respondent determined deficiencies in petitioner's Federal income tax as follows: 1981
1982
Income Tax
$11,889.00
$2,812.00
Additions to Tax
6651(a)(1)
2,952.10
703.00
6653(a)(1)
594.45
140.00
6653(a)(2)
50% of
50% of
interest
interest
due on
due on
$11,889.00
$2,812.00
The issues for our decision are (1) whether petitioner is liable for income taxes on the income reflected in the notice of deficiency, (2) whether petitioner is liable for additions to tax under section 6651(a) and section 6653(a), and (3) whether we should award damages under section 6673. Petitioner, James E. McFarland resided in Newberg, *253 Oregon at the time his petition was filed. Respondent determined that during 1981 and 1982 petitioner should have reported income from the following sources in the amounts listed below. YEAR
SOURCE
AMOUNT
1981
Allegheny Industries
$ 1,672.00
Lord Electric Co.
12,199.00
Rosendin Electric
4,213.00
Electrical Constr.
14,224.00
National Industries, Inc.
10.40
State of Oregon Unemployment
2,760.00
Total
$35,078.40
YEAR
SOURCE
AMOUNT
1982
James Electric, Inc.
$ 872.00
McCoy Electric Co.
915.00
Sunset Electric Co.
934.00
Sutherland Electric Co.
6,635.00
Bohm Electric, Inc.
821.00
Jagger Stroufe Co.
821.00
National Industries, Inc.
23.00
State of Oregon Unemployment
5,016.00
Total
$16,037.00
With one exception, [4] petitioner does not dispute that he received income from the above listed sources during the years in issue. However, petitioner asserts that he was not required to file an income tax return or pay any tax because he neither had a "contract" with the Internal Revenue Service requiring him to pay such tax, nor does he come within the meaning of "taxpayer" for purposes of Title *254 26 of the U.S. Code. In addition, petitioner contends that this Court does not have jurisdiction to hear his case. [5]
Petitioner bases his allegations upon long-rejected arguments frequently put forward by tax protectors. There is no doubt that petitioner was required to file valid income tax returns for 1981 and 1982 and that he was required to pay taxes on his wages and other income. See secs. 1, 61, 6011, 6012(a)(1)(A), 7701(a)(1); sec. 1.6012-1, Income Tax Regs.; Rowlee v. Commissioner,80 T.C. 1111 (1983) and the *255 cases cited therein. Furthermore, after respondent issued a valid notice of deficiency, petitioner filed a timely petition with this Court. Consequently, this Court has jurisdiction over this case. Secs. 6212, 6213 and 6214; see Pyo v. Commissioner,83 T.C. 626, 632 (1984). The United States Tax Court is a Court of record under Article I of the Constitution, and it is duly empowered to hear cases such as this. Secs. 7441 and 7442; Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971). Respondent's determination of the income tax deficiencies is presumptively correct. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). Petitioner admitted that he received income from all but one of the sources shown in the notice of deficiency and has offered no evidence to show that any of the amounts contained therein are incorrect. Accordingly, we sustain respondent's determination. Respondent also determined that petitioner was liable for additions to tax under section 6651(a)(1) for failure to file income tax returns. Petitioner admittedly filed no returns for the years 1981 and 1982 although the amount of income he received *256 required him to do so. See sec. 6012; sec. 1.6012-1, Income Tax Regs. Further, petitioner presented no evidence excusing himself from those requirements. Accordingly, we find that he is liable for the additions to tax under section 6651(a); Thompson v. Commissioner,78 T.C. 558, 562-563 (1982). Respondent also determined that petitioner was liable under section 6653(a) for additions to tax for negligence and intentional disregard of the rules and regulations. This determination will be upheld unless petitioner shows that the underpayments of tax were not due to negligence or intentional disregard of the rules and regulations. McGahen v. Commissioner,76 T.C. 468, 484 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). Again, petitioner's sole argument is that he was not subject to the tax imposed by Title 26. Consequently, we find for respondent on this issue. Finally, we must decide whether to award damages to the United States under section 6673. This Court may award damages of up to $5,000 whenever the taxpayer institutes or maintains proceedings before us primarily for delay or the taxpayer asserts a frivolous *257 or groundless position in such proceedings. We find that petitioner's contentions, in light of the cases cited above (and numerous others considering these same arguments), are frivolous and groundless. We are satisfied that petitioner has instituted this proceeding primarily for delay. Abrams v. Commissioner,82 T.C. 403 (1984); Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). Accordingly, we award $5,000 of damages to the United States. Decision will be entered for the respondent.
Footnotes
1. This case was originally filed as a small tax case pursuant to section 7463. By order dated May 13, 1986, the Court granted petitioner's motion to remove this case from the small tax case category. ↩
2. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
3. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. At trial, petitioner indicated that the name "National Industries" was unfamiliar to him and he did not remember receiving any income from that source. However, he failed to present any evidence that he did not receive such income. ↩
5. Petitioner made several other allegations in his petition and amended petition which he never subsequently addressed. Therefore, these allegations are deemed abandoned. See Stemkowski v. Commissioner,76 T.C. 252, 312 (1981), affd. in part, revd. and remanded on other grounds 690 F.2d 40 (2d Cir. 1982); Theodore v. Commissioner,38 T.C. 1011, 1041↩ (1962).