W. W. WARREN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warren v. Commissioner
Docket No. 1161-87
United States Tax Court
T.C. Memo 1989-137; 1989 Tax Ct. Memo LEXIS 137; 56 T.C.M. (CCH) 1592; T.C.M. (RIA) 89137; March 30, 1989. W. W. Warren, pro se. David L. Miller, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7443A(b) of the Internal Revenue Code *138 of 1954 and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case was called for trial on November 7, 1988, from the calendar of the trial session of the Court at Salt Lake City, Utah. No appearance was made by or on behalf of petitioner. Respondent therefore moved to dismiss this case for failure of petitioner to properly prosecute. Rule 123(b). Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Income Tax
Additions to Tax
Year
Deficiency
Sec.6653(a)(1)
Sec.6653(a)(2)
Sec.6661
1982
$ 15,328
$ 766
*
$ 1,553
1983
15,869
793
**
1,587
*139 In his answer to amended petition, respondent asserted increased additions to tax in the total amounts of $ 3,832.00 and $ 3,967.25, respectively, pursuant to section 6661 for the years 1982 and 1983. [2]
Petitioner was a resident of Jackson, Wyoming at the time the petition herein was filed. The issues for decision are (1) whether petitioner had unreported gross receipts in 1982 and 1983 in the respective amounts of $ 39,510 and $ 44,429; (2) whether petitioner is liable for additions to tax due to negligence or intentional disregard of rules and regulation; (3) whether petitioner is liable for additions to tax under the provisions of section 6661; and (4) whether damages may be awarded to the United States *140 under section 6673. Respondent determined the unreported gross receipts for 1982 and 1983 by the bank deposit and cash expenditures method. Petitioner has steadfastly refused to provide any books or records to substantiate any deductions. On June 27, 1988 respondent filed a motion for entry of an order pursuant to Rule 37(c) that undenied allegations in respondent's answer be deemed admitted. The allegations addressed all of the outstanding issues. Petitioner failed to make a timely response. By order of the Court dated August 1, 1988 these allegations, (paragraphs 6(a) through 6(q) and paragraphs 7(a) through 7(t)) were deemed admitted. The allegations deemed admitted include respondent's claims in his answer to amended petition for increased additions to tax under section 6661 for 1982 and 1983. Rule 123(b) provides that upon failure of a petitioner properly to prosecute or to comply with the Rules of this Court, the Court may dismiss a case and enter a decision against the petitioner. See also Rule 149(a). It is well settled that a petitioner's unexcused failure to appear at trial can result in a dismissal of the action or a default judgment. Brooks v. Commissioner,82 T.C. 413 (1984), *141 affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Ritchie v. Commissioner,72 T.C. 126 (1979). Petitioner has made no effort throughout this proceeding to comply with the Rules of this Court requiring clear and concise assignments of each and every error which petitioner alleges to have been committed by the Commissioner. See Rule 34(b)(4). He has ignored the opportunity offered by the Court to plead sufficient facts to support any legitimate contentions that he might have. Instead, petitioner has persisted in making tangential contentions and in espousing irrelevant legal theories which are utterly without merit. See, e.g., McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Rowlee v. Commissioner,80 T.C. 1111 (1983); Roberts v. Commissioner,62 T.C. 834 (1974); Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971). We find that dismissal of petitioner's case and entry of decision against petitioner is appropriate in the circumstances of this case. We next consider whether damages should be awarded to the United States *142 under section 6673, which section provides an award for damages to the United States in an amount not in excess of $ 5,000 when it appears to the Tax Court that proceedings before it have been instituted or maintained primarily for delay or that the taxpayer's position in such cases is frivolous or groundless. Sydnes v. Commissioner,74 T.C. 864 (1980), affd. 647 F.2d 813 (8th Cir. 1981). Petitioner makes no meaningful effort in this case to address respondent's determination. Under the circumstances of this case, the legal theories and contentions expounded by petitioner are spurious and manifestly frivolous. Abrams v. Commissioner,82 T.C. 403 (1984). The inescapable inference compelled by this record is that petitioner knowingly instituted and maintained this proceeding primarily for delay. Accordingly, we conclude that damages shall be awarded to the United States under the provisions of section 6673 in the amount of $ 5,000. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of $ 15,328 attributable to negligence. ↩
**. 50 percent of the interest due on the underpayment of $ 15,869 attributable to negligence.↩
2. As originally enacted, section 6661(a) provided for an addition to tax of 10 percent of the amount of any underpayment attributable to a substantial understatement of income tax liability. Pursuant to section 8002 of the Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, 100 Stat. 1951, the rate of addition to tax was increased to 25 percent for additions assessed after October 21, 1986. Pallottini v. Commissioner,90 T.C. 498↩ (1988).