EDWARD W. BURGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burger v. Commissioner
Docket No. 25183-88.
United States Tax Court
T.C. Memo 1989-204; 1989 Tax Ct. Memo LEXIS 204; 57 T.C.M. (CCH) 285; T.C.M. (RIA) 89204; May 1, 1989. Edward W. Burger, pro se. Jerry L. Leonard, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7443A(b), Internal Revenue Code of 1954, and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: On January 3, 1989 respondent filed a Motion to Dismiss *206 for Failure to State a Claim upon which Relief can be Granted and for Damages under section 6673. See Rule 40, Tax Court Rules of Practice and Procedure. On January 27, 1989 petitioner filed an objection to respondent's motion together with a memorandum of law. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
1983
$ 8,052
$ 1,987
$ 403
*
$ 405
1984
6,435
1,609
322 **
405
1985
43,579
10,794
2,179 ***
2,486
1986
10,159
2,540
508 ****
491
Petitioner was a resident of Soldotna, Alaska at the time the petition herein was filed. The deficiencies are based on respondent's determination that petitioner *207 failed to report various items of taxable income in the years involved, including wages, interest income, gross receipts from self-employment, dividends and unemployment compensation. Petitioner failed to raise any issues in his assignment of error within the meaning of Rule 34(b). Rule 34(b) requires that the petition shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." The petition filed herein alleges no justiciable error with respect to respondent's determination and no justiciable facts in support thereof. Petitioner has the burden of showing error in respondent's determination of deficiencies and additions to tax. Welch v. Helvering,290 U.S. 111 (1933); Bixby v. Commissioner,58 T.C. 757 (1972); Rule 142(a). Merely denying respondent's determinations, without more, does not adequately raise a factual issue under our rules. Scherping v. Commissioner,747 F.2d 478 (8th Cir. 1984), *208 affg. per curiam an unpublished order of this Court. Under such circumstances, any issues not raised in the assignment of error shall be deemed conceded. Rule 34(b)(4); see Jarvis v. Commissioner,78 T.C. 646, 658 (1982). Petitioner expounds contentions and irrelevant legal theories which are utterly lacking in merit and which have been repeatedly rejected. It is settled that the Federal income tax laws are constitutional, and since the ratification of the 16th Amendment it is immaterial with respect to income taxes whether the tax is a direct or indirect tax. Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916). Moreover, it is established that wages and compensation for services or labor are taxable income. Eisner v. Macomber,252 U.S. 189 (1920); Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. per curiam a Memorandum Opinion of this Court; Reading v. Commissioner,70 T.C. 730 (1978), affd. per curiam 614 F.2d 159 (8th Cir. 1980); section 61(a). Petitioner is clearly subject to the income tax laws and the statutory requirement to file a timely return. Rowlee v. Commissioner,80 T.C. 1111 (1983); *209 sections 1, 6001, 6011 and 6012. Petitioner has failed to properly prosecute his case in compliance with the rules of this Court. Accordingly, respondent's motion to dismiss will be granted and decision entered in his favor for the determined deficiencies and additions to tax. We next consider whether damages should be awarded to the United States under section 6673, which section provides an award for damages to the United States in an amount not in excess of $ 5,000 when it appears to the Tax Court that proceedings before it have been instituted or maintained primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies. See Sydnes v. Commissioner,74 T.C. 864 (1980), affd. per curiam 647 F.2d 813 (8th Cir. 1981). Petitioner has made no meaningful effort to address respondent's determinations. The discredited contentions and legal theories expounded by petitioner are spurious and manifestly frivolous. See Abrams v. Commissioner,82 T.C. 403 (1984); see also McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), *210 affd. 696 F.2d 1234 (9th Cir. 1983). The inescapable inference compelled by this record is that petitioner knowingly instituted and maintained this proceeding primarily for delay. Consequently, we conclude that damages shall be awarded to the United States under the provisions of section 6673 in the amount of $ 5,000. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of $ 8,052 attributable to negligence ** 50 percent of the interest due on the underpayment of $ 6,435 attributable to negligence *** 50 percent of the interest due on the underpayment of $ 43,579 attributable to negligence **** 50 percent of the interest due on the underpayment of $ 10,159 attributable to negligence↩