JOHN P. LADIKA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ladika v. Commissioner
Docket No. 428-89.
United States Tax Court
T.C. Memo 1989-258; 1989 Tax Ct. Memo LEXIS 258; 57 T.C.M. (CCH) 537; T.C.M. (RIA) 89258; May 30, 1989. John P. Ladika, pro se. Kathryn E. Rooklidge, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7443A(b), Internal Revenue Code of 1954, and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts the opinion of the *260 Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: On February 22, 1989 respondent filed with the Court a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 40 and a motion for damages under section 6673. On March 23, 1989 petitioner filed an objection to respondent's motions. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax under Section
Year
Deficiency
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654(a)
1980
$ 11,911.52
$ 2,841.38
$ 595.58
$    15.43
1981
17,925.00
4,481.25
$ 896.25
*
1,374.64
Petitioner was a resident of Orange, California at the time the petition herein was filed. The deficiencies are based on respondent's *261 determination that petitioner failed to report as taxable income wages and interest income received by him in each of the years 1980 and 1981. Petitioner failed to raise any issues in his assignment of error within the meaning of Rule 34(b). Rule 34(b) requires that the petition shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." The petition filed herein alleges no justiciable error with respect to respondent's determination and no justiciable facts in support thereof. Petitioner has the burden of showing error in respondent's determination of deficiencies and additions to tax. Welch v. Helvering,290 U.S. 111 (1933); Bixby v. Commissioner,58 T.C. 757 (1972); Rule 142(a). Merely denying respondent's determination, without more, does not adequately raise a factual issue under our rules. Scherping v. Commissioner,747 F.2d 478 (8th Cir. 1984), affg. per curiam an order of this Court. *262 In this context, any issues not raised in the assignment of error shall be deemed conceded. Rule 34(b)(4); see Jarvis v. Commissioner,78 T.C. 646, 658 (1982). There is no merit in the contentions expounded by petitioner. It is well settled that wages and compensation for services or labor are taxable income. Eisner v. Macomber,252 U.S. 189 (1920); Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. per curiam a Memorandum Opinion of this Court; Reading v. Commissioner,70 T.C. 730 (1978), affd. per curiam 614 F.2d 159 (8th Cir. 1980); section 61(a). Petitioner is clearly subject to the income tax laws and the statutory requirement to file a timely return. Rowlee v. Commissioner,80 T.C. 1111 (1983); sections 1, 6001, 6011 and 6012. It is immaterial with respect to income taxes whether the tax is a direct or indirect tax. Brushaber v. Union Pacific Railroad Co.,240 U.S. 1 (1916); see also Roberts v. Commissioner,62 T.C. 834, 840 (1974). Section 6201(a) authorizes and requires the Secretary of the Treasury or his delegate to make inquiries, *263 determinations and assessments of all taxes imposed by the Internal Revenue Code. Respondent is authorized by statute upon the determination of a deficiency to send a notice of deficiency to petitioner. Section 6212. The statutory notice of deficiency in the instant case is sufficient to fairly advise petitioner that deficiencies in income tax and additions to tax have been determined and the years and amounts involved. See Jarvis v. Commissioner, supra at 655-656. Here, petitioner has failed to properly prosecute his case in compliance with the rules of this Court. Accordingly, respondent's motion to dismiss will be granted and decision entered in his favor for the determined deficiencies and additions to tax. We next consider whether damages should be awarded to the United States under section 6673, which section provides an award for damages to the United States in an amount not in excess of $ 5,000 where it appears to the Tax Court that proceedings before it have been instituted or maintained primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative *264 remedies. See Sydnes v. Commissioner,74 T.C. 864 (1980), affd. per curiam 647 F.2d 813 (8th Cir. 1981). Petitioner has made no meaningful effort to address respondent's determinations. The contentions and theories expounded by petitioner are specious and manifestly frivolous. See Abrams v. Commissioner,82 T.C. 403 (1984). The inescapable inference compelled by this record is that petitioner knowingly instituted and maintained this proceeding primarily for delay. Consequently, we conclude that damages shall be awarded to the United States under the provisions of section 6673 in the amount of $ 5,000. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of $ 17,925.00 attributable to negligence.↩