HENRY G. ROSS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; SANDRA ROSS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Commissioner
Docket Nos. 10127-82, 10144-82.
United States Tax Court
T.C. Memo 1984-27; 1984 Tax Ct. Memo LEXIS 646; 47 T.C.M. (CCH) 920; T.C.M. (RIA) 84027; January 12, 1984. Henry G. Ross, pro se. Gary A. Benford, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: In these cases, which have been consolidated for trial and opinion, the Commissioner determined identical deficiencies and additions to tax in each petitioner's Federal income taxes as follows: [1]
Additional to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [2]
1979
$1,742.00
$435.50
$87.10
$73.13
1980
2,176.00
544.00
108.80
138.56
The issues for decision are: (1) whether petitioners are persons required to file Federal income tax returns for the taxable *648 years 1979 and 1980, within the meaning of section 6012; (2) whether the Form 1040's submitted by petitioner Henry G. Ross for 1979 and 1980 constitute Federal income tax returns within the meaning of section 6011(a); (3) whether petitioners received community income in the amounts of $22,956.35 and $26,055.46 for taxable years 1979 and 1980, respectively; (4) whether petitioners are liable for the addition to tax provided by section 6651(a) for failure to file returns on or before the prescribed filing dates with respect to the taxable years 1979 and 1980; (5) whether petitioners are liable for the addition to tax provided by section 6653(a) for negligence or intentional disregard of rules and regulations which resulted in the underpayment of tax with respect to taxable years 1979 and 1980; (6) whether petitioners are liable for the addition to the tax provided by section 6654 for failure to pay estimated tax with respect to the years 1979 and 1980; and (7) whether the United States is entitled to an award for damages as provided in section 6673. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated herein by this reference. *649 Petitioners Henry G. Ross and Sandra Ross, husband and wife, resided in Colorado City, Texas, at the time they filed their petitions in these cases. During the taxable years in issue, 1979 and 1980, petitioners were married to each other and resided together in Texas. For each taxable year, petitioner, Mr. Ross, mailed to the Internal Revenue Service in Austin, Texas, a Form 1040 bearing Mr. Ross's name, address, social security number, occupation, filing status, and claimed exemptions. Instead of properly filling in the form, petitioner typed in the words "Object Self Incrimination" approximately 60 times on the face of the forms submitted. He also attached to each a packet of "Constitutional" literature. Petitioner Sandra Ross did not file any document purporting to be a return for either taxable year nor did she sign the forms which her husband mailed to the Internal Revenue Service. Texas is a community property state. Petitioners had community income of $22,956.35 and $26,055.46 for taxable years 1979 and 1980, respectively. Petitioner Mr. Ross was under no threat of criminal prosecution and was never the subject of a criminal tax investigation, past or present. *650 The Internal Revenue Service did advise Mr. Ross, however, that the Form 1040 he "filed" for 1979 was not a valid tax return. Mr. Ross offered nothing in support of his claim that the Commissioner had erroneously failed to allow him certain "deductions" and "expenses." In fact, he "lost" his records and "receipts" and "stuff" during a move. The Commissioner determined petitioners' community income for both taxable years. For 1979, the Commissioner totaled a schedule of wages paid to Mr. Ross by various employers. For 1980, he increased Mr. Ross's 1979 income by the then-current inflation factor taken from the Consumer Price Index. The Commissioner attributed one-half of the community income to each petitioner and also computed the additions to the tax for each. OPINION The first issue for our decision is whether petitioners are persons required to file Federal income tax returns for the taxable years 1979 and 1980, within the meaning of section 6012. During the taxable years in issue, section 6012 provided that every individual having a gross income of $1,000 or more was required to file a return. If petitioners had filed a joint return, which they did not, that *651 amount would have been $5,400. In any event, petitioners' had community income in excess of the threshold amount, and were, therefore, persons required to file Federal income tax returns for the taxable years in issue. The next issue is whether the forms submitted by Mr. Ross for each taxable year constitute valid tax returns within the meaning of section 6011(a). The documents Mr. Ross filed for 1979 and 1980 contained no information from which his tax liability could be determined and did not, therefore, constitute a return within the meaning of section 6011 and the regulations thereunder. Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982). Mr. Ross was apparently attempting to invoke the Fifth Amendment privilege against self-incrimination. He was, however, never in any danger of criminal prosecution. The Fifth Amendment privilege would apply only where there is real and appreciable danger of self-incrimination and reasonable cause to apprehend such danger. The privilege may not, contrary to what petitioners may have believed, be used to evade payment of lawful taxes. Edwards v. Commissioner,680 F.2d 1268, 1271 (9th Cir. 1982), *652 affg. per curiam an unreported decision of this Court. Courts have held time and time again, as we do here, that a return of the sort filed by Mr. Ross is not a valid return. United States v. Smith,618 F.2d 280 (5th Cir. 1980); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). The third issue is whether petitioners received community income in the amounts of $22,956.35 and $26,055.46 for the taxable years 1979 and 1980, respectively. Petitioners have the burden of proving that the Commissioner's determinations of their income tax liabilities are erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). They have offered no evidence to sustain their burden of proof. The determinations of the Commissioner in his statutory notices are, therefore, sustained. As to the section 6651(a) additions to tax, we held that petitioners failed to file returns within the meaning of section 6011(a). Section 6072 governs the time prescribed for filing income tax returns. Because petitioners' 1979 and 1980 tax years ended on December 31, 1979, and *653 December 31, 1980, respectively, they were required to file returns on or before April 15 of each taxable year. Petitioners have not made an affirmative showing that their delinquency was due to reasonable cause as opposed to willful neglect.A mere showing of the absence of willful neglect would however, be insufficient to avoid the addition to the tax. West Virginia Steel Corp. v. Commissioner,34 T.C. 851 (1960). Here, the neglect was intentional and petitioners have no excuse for their failure to file. Accordingly, they are liable for the additions to tax pursuant to section 6651(a). Electric & Neon, Inc. v. Commissioner,56 T.C. 1324 (1971), affd. without published opinion, 496 F.2d 876 (5th Cir. 1974). Petitioners are also liable for the addition to the tax provided by section 6653(a) for negligence or intentional disregard of rules and regulations which resulted in the underpayment of tax with respect to the taxable years 1979 and 1980. Respondent's determination of negligence or intentional disregard of rules and regulations is presumptively correct. Bixby v. Commissioner,58 T.C. 757 (1972); Inter-American Life Insurance Co. v. Commissioner,56 T.C. 497 (1971). *654 Petitioners have not rebutted this presumption of correctness by a showing that the addition was unjustified. It is, therefore, sustained. Next we must decide whether petitioners are liable for the addition to the tax as provided in section 6654 for failure to pay individual estimated income taxes for the taxable years in issue. Petitioners have not brought themselves within any of the exceptions provided in subsection (d), thus, the addition to the tax is mandatory. Reaver v. Commissioner,42 T.C. 72 (1964); Ruben v. Commissioner,33 T.C. 1071 (1960). The final issue in this case is whether we should, on our own motion, award damages to the United States under section 6673 and, if so, in what amount. Section 6673 provides that this Court may award damages in an amount up to $500 where it appears that the proceedings before it were instituted by the taxpayer merely for delay. The petition filed by Mr. Ross does not reflect a coherent legal theory. At trial in demonstrated an almost childlike insistence upon his groundless position: THE COURT: Let me -- what belief do you have that you might be under criminal investigation? What leads *655 you to that belief? THE WITNESS: Your Honor, I have heard so much bad news about, you know, what happens to people and everything and I just feel like I am a target and so therefore I felt that they were coming after me under criminal prosecution instead of civil suit. * * * THE COURT: At the time you filed your return, you had no reason to believe you were going to be criminally prosecuted. You didn't fill in your return. THE WITNESS: Yes, sir. I felt like they were after me, even as I filled in my return. Petitioners' requests for immunity upon being repeatedly informed that they were not under any threat of criminal prosecution and their inability and refusal to produce any documents in support of their vague claims for deductions waste the time of this Court, the United States, and delay the litigation of serious tax controversies for law-abiding taxpayers. It is difficult to take these protests seriously when the taxpayers themselves do not. The frivolous and obstinate claims of Mr. Ross are evidence that this proceeding was instituted by him in order to delay paying his taxes. See Greenberg v. Commissioner,73 T.C. 806 (1980); Wilkinson v. Commissioner,71 T.C. 633 (1979). *656 [3] Accordingly, we feel compelled to award the United States damages. An amount of $100 is awarded to the United States in docket No. 10127-82. Decisions will be entered for the respondent.
Footnotes
1. The Commissioner computed the tax liability of each petitioner using the tax tables in effect for the 1979 and 1980 taxable years for married individuals filing separately. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. Sec. 6673 was amended by sec. 292(b) of P.L. 97-248, 96 Stat. 574, Sept. 3, 1982, effective for any action or proceeding in Tax Court commenced after Dec. 31, 1982. This amendment reflects our opinion in Wilkinson v. Commissioner,71 T.C. 633↩ (1979), and increases the amount of damages we may award to $5,000.