ALAN J. GOODRICH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goodrich v. Commissioner
Docket No. 18402-81.
United States Tax Court
T.C. Memo 1983-414; 1983 Tax Ct. Memo LEXIS 379; 46 T.C.M. (CCH) 771; T.C.M. (RIA) 83414; July 18, 1983. Alan J. Goodrich, pro se. Charles W. Maurer, Jr., for the respondent. NIMS
NIMS, Judge: This case is before us on respondent's motion for summary judgment. Respondent filed the motion on March 1, 1983, pursuant to Rule 121. [1]
Respondent determined a deficiency in petitioner's 1979 Federal income tax and a section 6653(b) addition to tax in the amounts of $2,485.00 and $1,242.50, respectively. Respondent also requests a damage award under *380 section 6673. Respondent seeks summary adjudication in his favor as to each of these issues. Petitioner resided in Dover, New Hampshire, when he filed the petition in this case. In his petition, petitioner stated as follows: 5. The facts upon which Petitioner relies in the previous paragraphs, as the basis of his case, are as follows: A. That the determination of the gross income and its allocation was based on the arbitrary assumption of an agent of the Commissioner of Internal Revenue Service, without verification, substantiation or basis. B. That no expenses or exemption were allowed by respondent of know [sic] expenses and deductions. C. That the Fraud Penalty asserted, IRC 6653(b) was asserted arbitrarily and without basis. Additionally, the Petitioner sets forth the issue, whether Petitioner's salary was (or is) a proper subject from whence to exact a federal income (excise) tax: A. That the pecuniary consideration or compensation which Petitioner derived from salaried employment is not the proper subject from whence to exact a federal excise tax. B. That Petitioner did not receive income within the sense and meaning *381 of the 16th Amendment. The petition also contained a series of questions concerning the constitutional basis of the income tax which were addressed to the Internal Revenue Service. Respondent's answer denies the substantive allegations of the petition and further answered as follows: 25. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax required to be shown on the petitioner's income tax return for the taxable year 1979 is due to fraud, the respondent alleges: (a) During the taxable year 1979 the petitioner used the cash method of accounting. (b) During the taxable year 1979 the petitioner was employed by RICH's of New Hampshire, Inc. (c) The petitioner failed to file a federal income tax return for the taxable year 1979 or pay any income tax liability for said year. (d) During the taxable year 1979, the petitioner received wages of $11,132.86 and a profit-sharing distribution of $2,891.75. (e) The petitioner's taxable income for the taxable year 1979 was $14,024.61. (f) The income tax liability due and payable by the petitioner for the taxable year 1979 is $2,485.00. (g) The petitioner's failure *382 to file an income tax return and to report his correct taxable income for the taxable year 1979 was due to fraud with intent to evade tax. (h) The petitioner's failure to pay his income tax liability for 1979 was due to fraud with intent to evade tax. (i) A part of the underpayment of tax which the petitioner was required to show on an income tax return for the taxable year 1979 was due to fraud. 26. FURTHER ANSWERING the petition, and in support of the respondent's claim for damages under I.R.C. § 6673, in that the above-entitled proceedings have been instituted by the petitioners merely for delay, the respondent alleges: (a) The petitioner in the above-entitled proceeding was also the petitioner in Goodrich v. Commissioner, docket number 20018-80"S", which concerned a deficiency in income tax for the taxable year 1978. (b) The case at docket number 20018-80"S" was tried at Concord, New Hampshire on June 22, 1981. No opinion has been served upon the respondent as of the date of this answer. (c) During the trial on June 22, 1981, the petitioner refused to address the issues in the case but instead raised a variety of frivolous, redundant *383 and irrelevant arguments. (d) During the trial on June 22, 1981, the court advised the petitioner that his arguments were invalid, and that the income tax is constitutional. (e) During the trial on June 22, 1981, the Court explained the provisions of I.R.C. § 6673 to the petitioner and heavily advised the petitioner to take a look at section 6673. (f) The petition in the above-entitled case was filed July 14, 1981. (g) The petition filed in this case does not give fair notice of any matter in controversy but merely raises additional frivolous arguments which are wholly without merit. (h) The petitioner instituted the above-entitled proceedings before the Tax Court merely for delay. Petitioner failed to file a reply to respondent's answer. Respondent, pursuant to Rule 37(c), moved for entry of an order that the undenied allegations in the answer be deemed admitted. The motion and notice of a hearing on the motion were served on petitioner in November, 1981. Petitioner did not appear at the January 6, 1982, hearing. However, he filed a "motion for definite statement and response to respondent's answer" on December 11, 1981. The Court determined *384 in an order dated January 6, 1982, that petitioner's written response did not constitute a reply to the affirmative allegations in the answer. Accordingly, the Court ordered that "the undenied allegations of fact set forth in paragraph 25(a) through 25(i), and in paragraph 26(a) through 26(h) of the answer are hereby deemed admitted." A copy of that order was served on petitioner on January 19, 1982. Respondent filed his motion for summary judgment on March 1, 1983. A hearing on the motion was held in Boston, Massachusetts, on April 25, 1983. Petitioner appeared and made a presentation during the hearing. Petitioner introduced no questions of fact at the hearing. He merely restated the legal questions presented in his petition. Summary judgment is appropriate in this case because there is no genuine issue of fact and a decision may be rendered as a matter of law. Rule 121(b). We will consider the deficiency, the section 6653(b) addition to tax and the request for section 6673 damages separately. Deficiency
Petitioner alleges that respondent's determination "was based on the arbitrary assumption of an agent of the Commissioner of Internal Revenue Service, without *385 verification, substantiation or basis." This Court will generally not look behind a deficiency notice to examine evidence used or the propriety of the respondent's motive or the administrative policy or procedures involved in making the deficiency determination. Proesel v. Commissioner,73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974); see also Poe v. Commissioner,T.C. Memo. 1983-149. A narrow exception to this general rule has been carved out for cases in which there is a showing by the taxpayer that the statutory notice is arbitrarily excessive or without foundation, which has the effect of shifting the burden of going forward with the evidence to respondent. Cf., Jackson v. Commissioner,73 T.C. 394 (1979). This exception does not apply to the case before us because petitioners have not alleged any facts to support their claim that the deficiency determinations were arbitrary and illegal. In particular, petitioner does not contest that he received the wages and profit-sharing plan distributions which form the basis of the deficiency determination. In this context, there is *386 no basis for the Court to look behind the notice of deficiency. Petitioner also alleges "[t]hat no expenses or exemption were allowed by respondent of know [sic] expenses and deductions." This action by the respondent, however, does not render the deficiency determination arbitrary or unreasonable where the petitioner refuses to cooperate with the agent conducting the tax investigation. Estate of Mason v. Commissioner,64 T.C. 651 (1975). Petitioner never alleged that he cooperated with respondent during the course of the tax investigation. Therefore, we reject this argument by petitioner. Petitioner also argues that his wages and profit-plan distributions were not subject to tax. Such arguments have been repeatedly rejected by the courts. Rowlee v. Commissioner, 80 T.C.     (June 15, 1983); Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); see Rice v. Commissioner,T.C. Memo 1982-129, and cases cited therein. See also Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955); Eisner v. Macomber,252 U.S. 189 (1920). Because there is *387 no dispute concerning the amounts received by petitioner and because we reject petitioner's legal arguments, we hold that petitioner is liable for the deficiency as determined by the respondent. Section 6653(b) Addition to Tax
Petitioner alleges that respondent asserted the section 6653(b) addition to tax "arbitrarily and without basis." We will not look behind the deficiency notice concerning the section 6653(b) addition to tax for the same reasons discussed in the previous section with reference to the deficiency. Respondent has the burden of proof as to the section 6653(b) addition to tax for fraud. Section 7454(a). Respondent must carry that burden of proof by clear and convincing evidence. Beaver v. Commissioner,55 T.C. 85 (1970), Rule 142(b). The deemed admissions concerning the ultimate issue of fraud together with the deemed admissions of paragraphs 25(a) through 25(f) concerning the underlying facts of the case satisfy respondent's burden of proof on the fraud issue. Doncaster v. Commissioner,77 T.C. 334 (1981). Section 6673 Damages
Section 6673 provided, with reference to cases commenced on or before December 31, 1982, as *388 follows: [2]
SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDING BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. The deemed admissions in this case establish that the petition only raises frivolous arguments which are wholly without merit and that petitioner instituted this proceeding merely for delay. The fact that petitioner allowed these contentions to become deemed admitted through the duly noticed process of this Court indicates sufficient lack of interest in the proceeding to imply that he in fact instituted this case merely for delay. Further, as discussed earlier, petitioner raises only arguments which have been rejected and discounted *389 as frivolous many times in the past. See, e.g., Stamper v. Commissioner,T.C. Memo. 1983-248, and the cases cited therein. These facts convince us that the government is entitled to the maximum damages of $500 authorized by the statute. An appropriate order an decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, in effect during the year in issue.↩
2. We note that Congress recently increased the amount of damages permissible under sec. 6673↩ from $500 to $5,000 for frivolous or groundless proceedings brought to this Court after December 31, 1982. Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(b), 96 Stat. 324, 574.