MURIEL R. JACOBS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacobs v. Commissioner
Docket No. 22913-82.
United States Tax Court
T.C. Memo 1983-490; 1983 Tax Ct. Memo LEXIS 300; 46 T.C.M. (CCH) 1119; T.C.M. (RIA) 83490; August 16, 1983. Muriel R. Jacobs, pro se. David L. Miller, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $1,846.00 and an addition to tax under section 6653(a) [1] of $92.30 in petitioner's 1980 Federal income tax. The issues are whether petitioner is entitled to certain casualty or theft losses, and whether petitioner is liable for an addition to tax for negligence. This case is before us on respondent's motion for summary judgment. Respondent contends, as affirmatively alleged in his answer, that petitioner is barred by the doctrine of collateral estoppel from litigating the substantive issues herein. We agree. On several previous occasions petitioner has *301 litigated and lost on the same issues as are presented herein. See ; ; ; Jacobs v. Commissioner, T.C. Summary Opinion 1971-22. Petitioner makes no claim that the facts in the instant case are any different than those in the prior cases, nor does she claim that there has been any change in the relevant law. [2] Accordingly, petitioner is collaterally estopped from relitigating the substantive issues herein. . With respect to the addition to tax under section 6653(a), petitioner bears the burden of proving her 1980 underpayment was not due to negligence. . In view of the prior litigation between petitioner and respondent on these same *302 issues, it is clear petitioner had no genuine grounds for believing there was any legal basis for claiming casualty or theft losses in 1980. Thus, we sustain the addition to tax under section 6653(a). Finally, we are convinced this proceeding was instituted by petitioner merely for delay within the meaning of section 6673. Based on her prior litigation on these issues, petitioner certainly must have known or should have known that the only effect of commencing this action would be to delay the payment of her proper taxes. See . Having no reasonable expectation of prevailing, she nevertheless filed the petition herein, thereby abusing the process of this Court and wasting its resources. Thus, we conclude as we did in , that it is appropriate to impose upon petitioner the maximum damages of $500 provided under section 6673. [3]
Accordingly, we grant respondent's *303 motion for summary judgment and, in addition, impose damages of $500 pursuant to section 6673. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The facts on which petitioner bases her claim for casualty losses on her 1980 return are set forth fully and precisely in . It is unnecessary for us to repeat those facts herein.↩
3. In cases commenced after December 31, 1982, the Court may impose damages up to $5,000. See sec. 292(g), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 97 Stat. 574.↩