GEARY E. AFRICA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Africa v. Commissioner
Docket No. 23401-82.
United States Tax Court
T.C. Memo 1984-95; 1984 Tax Ct. Memo LEXIS 579; 47 T.C.M. (CCH) 1178; T.C.M. (RIA) 84095; February 28, 1984. Dennis Perez and Roger Glienke, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, CHIEF JUDGE: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code and *580 Rules 180 and 181. [1] The Court agrees and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on respondent's oral motion to dismiss for failure properly to prosecute. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1979
$8,395.84
$2,098.96
$419.79
$352.62
1980
6,662.97
1,665.74
333.15
426.43
The deficiency notice to petitioner, who failed to file an income tax return for either of the years in question, was based upon unreported income in the amount of $31,986 in 1979 and $27,823 in 1980. The computation of tax deficiency was based upon the filing status of single taxpayer, one personal exemption, no exemption for dependents and no allowance for excess itemized deductions. Petitioner timely filed a petition with this Court in which he alleged his residence *581 was Los Angeles, California. In addition, petitioner made various allegations of a tax-protestor nature. Thus, he alleged that he was not required to file an income tax return or pay an income tax for 1979 and 1980, that he received nothing during those years of known tangible value, that he enjoyed no grant of privilege or franchise and that he did not volunteer to self-assess himself for taxes. Petitioner filed a request for a jury trial which was denied. After respondent's Answer was filed, petitioner moved for summary judgment alleging that the Answer did not meet the requirements of our Rule 36. Petitioner's motion was denied. Petitioner then moved for a more definite statement which was similarly denied. Petitioner subsequently filed a second motion for summary judgment, repeating in essence the protestor nature of the allegations contained in his petition. The motion was denied. The respondent moved for leave to file an amendment to his Answer which was granted. The Amendment to Answer alleged that the unreported income of petitioner for the year 1979 was $46,288, rather than $31,986 as set forth in the Statement of Income Tax Changes which was a part of the statutory *582 notice of deficiency. The Amendment to Answer went on to allege that petitioner's income tax deficiency for 1979 was $16,025, and the additions to tax under sections 6651(a), 6653(a) and 6654(a) were $4,006.25, $801.25 and $673, respectively. Petitioner failed to respond to the call of the calendar on December 15, 1983. [2] The matter was continued to December 21, 1983, at which time it was recalled. Once again petitioner failed to appear. Respondent placed into evidence the testimony of the payroll supervisor of Combined Services, Inc., the accounting function of Avnet, Inc. Petitioner herein was employed during 1979 by Avnet Electronics, a division of Avnet, Inc. The payroll supervisor testified that petitioner received gross wages from Avnet Electronics during 1979 in a total amount of $45,819.37 and we find that petitioner received such amount from that employer during *583 1979. The Court takes judicial notice that petitioner is one of several hundred persons in the southern California area who have filed petitions and other papers with this Court of a substantially identical nature. [3]
A notice of deficiency is ordinarily presumed correct, and the taxpayer bears the burden of proving that respondent's determination of his taxable income is erroneous. ; Rule 142(a). As to the increases in deficiency for the year 1979, however, Rule 142(a) places the burden of proof upon the respondent. We hold that respondent has borne his burden of proving that petitioner received wages from Avnet Electronics during that year in a total sum of $45,819.37, and that the total income earned by petitioner was $46,288.37. Petitioner, by failing to respond to the call and recall of the calendar, has refused to prosecute his case or to offer *584 evidence in regard to it. Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal. For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. The allegations of petitioner in his petitions and motions for summary judgment are so frivolous and groundless as not to warrant any extended discussion. See , on appeal (2d Cir., Sept. 13, 1983). We would be *585 doing a disservice to those petitioners who come before this Court with valid controversies were we to expend our time and resources on exhaustive analyses of each meritless allegation of petitioner. In any event, petitioner, by failing to appear to present evidence and by failing otherwise properly to prosecute this matter, has made himself subject to dismissal under Rules 123 and 149. In addition, we have considered, on our own motion, the imposition of damages under section 6673. That section, as in effect for the years in which this petition was filed gives this Court authority to award damages when it appears that proceedings have been instituted merely for delay. We find that petitioner instituted this proceeding for purposes of delay and in order to present time-worn, well-rejected frivolous claims and therefore damages in the amount of $500 will be awarded to the United States. Petitioner is advised that for petitions filed in this Court after December 31, 1982, section 6673 permits this Court to impose damages up to $5,000 when proceedings have been instituted or maintained by the taxpayer primarily for delay or where the position in such proceedings is frivolous or *586 groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. He did, however, mail to this Court on December 19, 1983, a document entitled "Notice of Decision" which stated that this action had been commenced in error, that Rule 13(a) established the jurisdiction of the Court to those cases commenced by a taxpayer, and that petitioner was not a taxpayer.↩
3. See, e.g., ; ; ; .↩