PETER RACCIO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raccio v. Commissioner
Docket No. 25075-82.
United States Tax Court
T.C. Memo 1984-125; 1984 Tax Ct. Memo LEXIS 545; 47 T.C.M. (CCH) 1271; T.C.M. (RIA) 84125; March 14, 1984. Dorothy Westover and Paul Weisman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code and *546 Rules 180 and 181 of the Tax Court's Rules of Practice and Procedure.[1] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on respondent's oral motion to dismiss for failure properly to prosecute. The motion is granted. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1978
$2,501
$625.25
$125.05
$80.03
1979
2,222
555.50
111.10
93.32
The deficiency notice computation to petitioner, who failed to file an income tax return for either of the years in question, was based upon the filing status of a single taxpayer, one personal exemption and no allowance for dependents or for excess itemized deductions. Petitioner timely filed a petition with this Court in which he alleged his residence was Orange, California. In addition, petitioner *547 made various allegations of a tax-protestor nature. Thus, he alleged that he was not required to file an income tax return or pay an income tax for 1978 and 1979, that he received nothing during those years of known tangible value, that he enjoyed no grant of privilege or franchise and that he did not volunteer to self-assess himself for taxes. Petitioner filed a request for a jury trial which was denied. After respondent's Answer was filed, petitioner moved for summary judgment alleging that the Answer did not meet the requirements of our Rule 36. Petitioner's motion was denied. Petitioner then moved for a more definite statement which was similarly denied. Petitioner subsequently filed a second motion for summary judgment, repeating in essence the protestor nature of the allegations contained in his petition. The motion was denied. The respondent moved for leave to file an amendment to his Answer which was granted. The Amendment to Answer alleged that the unreported income of petitioner for the year 1978 was $28,360.68, rather than $15,126 as set forth in the Statement of Income Tax Changes which was a part of the statutory notice of deficiency. The Amendment to Answer *548 further alleged that petitioner's income tax deficiency for 1978 was $6,474.40, and the additions to tax under sections 6651(a), 6653(a) and 6654(a) were $1,618.60, $323.72 and $207.18, respectively. Petitioner failed to respond to the call of the calendar on December 15, 1983. [2] The matter was continued to December 21, 1983, at which time it was recalled. Once again petitioner failed to appear. Respondent placed into evidence the testimony of the owner of A & J Paint and Body, of Costa Mesa, California.He testified that petitioner was employed by that company in 1978. He testified as to the accuracy of Form W-2 for 1978 in which it was shown that petitioner received total wages from the company of $28,360.68 and that Federal income tax was withheld in the amount of $3,304.95. The Court takes judicial notice that petitioner is one of several hundred persons in the southern California area who *549 have filed petitions and other papers with this Court of a substantially identical nature. [3]
A notice of deficiency is ordinarily presumed correct, and the taxpayer bears the burden of proving that respondent's determination of his taxable income is erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). As to the increases in deficiency for the year 1978, however, Rule 142(a) places the burden of proof upon the respondent. We hold that respondent has borne his burden of proving that petitioner received wages from A & J Paint and Body during that year in a total sum of $28,360.68, and that the total income earned by petitioner that year was $28,360.68. We further hold that petitioner had Federal income tax withheld during 1978 in the amount of $3,304.95. Petitioner, *550 by failing to respond to the call and recall of the calendar, has refused to prosecute his case or to offer evidence in regard to it. Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal. For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof:Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. The allegations of petitioner in his petitions and motions for summary judgment are so frivolous and groundless as not to warrant any extended discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983), *551 on appeal (2d Cir., Sept. 13, 1983). We would be doing a disservice to those petitioners who come before this Court with valid controversies were we to expend our time and resources on exhaustive analyses of each meritless allegation of petitioner. In any event, petitioner, by failing to appear to present evidence and by failing otherwise properly to prosecute this matter, has made himself subject to dismissal under Rules 123 and 149. We hold that there are deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1978
$6,474.40
*
$323.72
*
1979
2.222.00
$555.50
111.10
93.32
The addition to tax of $1,618.60 under section 6651(a) for the year 1978 as set forth in respondent's Amended Answer is 25 percent of the income tax deficiency of $6,474.40. However, section 6651, which imposes the addition to tax for failure to file a return, requires computation of the addition based upon the deficiency amount reduced by the amount of withholding credits. Harris v. Commissioner,51 T.C. 980 (1969); Gabaldon v. Commissioner,T.C. Memo. 1984-107; *552 sec. 301.6651-1(d)(1), Proced. & Admin. Regs. In this case, that amount is $3,169.45 ($6,474.40 less $3,304.95 withheld). Similarly, the addition to tax under section 6654(a) for failure to pay estimated tax appears to be based upon the entire deficiency amount without consideration of income taxes withheld. Cf., sec. 1.6654-1(a)(3), Income Tax Regs. As to both additions, there must be a recomputation under our Rule 155. In addition, we have considered, on our own motion, the imposition of damages under section 6673. That section, as in effect for the year in which this petition was filed, gives this Court authority to award damages when it appears that proceedings have been instituted merely for delay. We find that petitioner instituted this proceeding merely for delay and in order to present time-worn, well-rejected frivolous claims and therefore damages in the amount of $500 will be awarded to the United States. Petitioner is advised that for petitions filed in this Court after December 31, 1982, section 6673 permits this Court to impose damages up to $5,000 when proceedings have been instituted or maintained by the taxpayer primarily for delay or where the position in *553 such proceedings is frivolous or groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. He did, however, mail to this Court a document entitled "Notice of Decision" which stated that this action had been commenced in error, that Rule 13(a) established the jurisdiction of the Court to those cases commenced by a taxpayer, and that petitioner was not a taxpayer.↩
3. See, e.g., Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576; Urban v. Commissioner,T.C. Memo. 1984-85; Dragoun v. Commissioner,T.C. Memo. 1984-94; Africa v. Commissioner,T.C. Memo. 1984-95. Gabaldon v. Commissioner,T.C. Memo. 1984-107↩.
*. To be determined.↩