Richard D. MAY, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 84–1583.

United States Court of Appeals, Eighth Circuit.

Submitted July 2, 1984.

Decided Jan. 25, 1985.

Richard D. May, pro se.

Glenn L. Archer, Jr. & Michael L. Paup, Justice Dept., Washington, D.C., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Appellant Richard May appeals from the Tax Court's dismissal of his petition contesting the Commissioner's deficiency determination in his federal income taxes for failure to state a claim and its decision, sua sponte, to impose $5,000 damages against him pursuant to section 6673 of the Internal Revenue Code. We affirm.

## I. BACKGROUND.

On February 24, 1983, May received from the Commissioner of Internal Revenue a notice of deficiency in federal income taxes for the years 1978 through 1981. On May 19, 1983, six days before the expiration of the statutory ninety-day period provided taxpayers to file a petition in the Tax Court challenging the Commissioner's determination, the Tax Court received a letter from May requesting that he be sent the "necessary materials" to petition the court and an extension of time in which to file a petition. The court treated that letter as a petition for purposes of the ninety-day period and ordered May to file an amended petition by July 25. On July 22, May filed an amended petition contesting the deficiency determination in which he asserted, *inter alia*, that he is not subject to federal income tax because the Internal Revenue Code contains no definition of "income";

that his income for these years was derived solely from wages which is neither "gain" nor "profit" subject to the federal income tax; that the filing of a tax return is voluntary and he did not "volunteer to self-assess himself" for the years in question; and that the Commissioner violated the Privacy Act of 1974, 5 U.S.C. § 552a (1982), an act of fraud which vitiates his obligation to comply with any act.

On September 9, the Commissioner filed a motion to dismiss the petition for failure to state a claim. The Tax Court granted May until October 13 to file a response to that motion. On October 13, the court received another letter from May requesting an extension of time in which to file his response. The court granted him an extension until November 8. May never filed a response.

The Tax Court, noting that May's petition was comprised of various tax protestations which have been repeatedly and soundly rejected, concluded that the petition was frivolous and had been instituted primarily to delay the payment of taxes. Accordingly, on February 7, 1984, it entered an order granting the Commissioner's motion to dismiss and affirming the determination of deficiencies and additions to tax owed by May for the four years in question. In addition, the court, sua sponte, ordered May to pay $5,000 damages to the United States pursuant to 26 U.S.C. § 6673 (1982).[1]

May brings this appeal pro se. He contends that he filed his petition in the Tax Court to obtain a clarification of the alleged deficiency. He asserts that the Tax Court erred in dismissing his petition before holding a hearing in which the burden of proof was on the Commissioner to establish his tax liability. He also argues that the Tax Court abused its discretion by imposing section 6673 damages against him for asserting a constitutional right.

This court, sua sponte, requested the government to prepare a letter brief addressing the question of whether the Tax Court may assess the maximum damages under 26 U.S.C. § 6673 (1982) without providing notice or the opportunity for a hearing and without a showing that the taxpayer's conduct was willful. On August 9, the government filed a brief supporting the Tax Court's assessment against May of the maximum damages allowable under section 6673. On August 15, 1984, we asked the clerk's office to notify May and inform him that he was entitled to retain counsel and that he would be allowed twenty-five days in which to file a response to the government's brief. That period has long since expired and we have received no response from May.

## II. DISCUSSION.

### A. Dismissal of petition for failure to state a claim.

The first issue we address is whether the Tax Court properly dismissed May's complaint for failure to state a claim. It is axiomatic that a court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted); *Price v. Moody*, 677 F.2d 676, 677 (8th Cir.1982). In reviewing the dismissal of a petition for failure to state a claim, we must, of course, assume the plaintiff's allegations to be true. *Id.*

In this case, the Commissioner made a determination of various deficiencies in May's federal income taxes after he failed to file returns for the tax years 1978–81.

---

1. Section 6673 provides:
   Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

**1304**

Contrary to May's assertion in this appeal, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct and the taxpayer bears the burden of demonstrating any error in the Commissioner's determination.[2] *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Bennett Paper Corp. & Subsidiaries v. Commissioner*, 699 F.2d 450, 453 (8th Cir.1983); *Abrams v. Commissioner*, 82 T.C. 403, 405 (1984).

■ Upon review of May's amended petition, we find no allegations of fact which could give rise to a valid claim; rather, the complaint merely contains conclusory assertions attacking the constitutionality of the Internal Revenue Code and its applicability to the taxpayer.[3] Tax protest cases like this one raise no genuine controversy; the underlying legal issues have long been settled. *See, e.g., Abrams*, 82 T.C. at 406–

07 (citing cases rejecting similar arguments). Because May's petition raised no justiciable claims, the Tax Court properly dismissed the petition for failure to state a claim.

## B. Section 6673 damages.

The second issue we consider is whether the Tax Court erred in assessing damages, sua sponte, under section 6673 against a taxpayer proceeding pro se without first providing the taxpayer with notice or the opportunity for a hearing or without a showing of willfulness. In this case, the Tax Court, sua sponte, imposed damages of $5,000 against May pursuant to section 6673, stating—in language repeating the statutory language—its finding that May had filed a frivolous and groundless action primarily for delay.[4]

**2.** The constitutionality of this allocation of the burden of proof has been upheld. *See McCoy v. Commissioner*, 696 F.2d 1234, 1236 (9th Cir. 1983) (citing *Rockwell v. Commissioner*, 512 F.2d 882, 887 (9th Cir.), *cert. denied*, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975)).

**3.** May's amended complaint alleged:

The determination of tax allegedly owed by Petitioner is based on the following errors of Crimen Falsi action, for the following reasons:

A. The Respondent has totally erred in its determination of "income" when no definition of "income" appears in the Internal Revenue Code. No basis exists for this improper determination of "income" by the Respondent.

B. The Respondent has added penalties for Petitioner not filing a return (1040) when in fact there is NO SECTION of the Internal Revenue Code that "REQUIRES" anyone to file.

C. The filing of an "imcome" [*sic*] tax return is "VOLUNTARY" and penalties can not be instituted against a voluntary act since to do so would then make the act "mandatory".

D. The Respondent is in violation of the Privacy Act of 1974. Specifically in this case the ommission [*sic*] of the information as to whether the filing of a return is "mandatory or voluntary". Any act of fraud vitiates the obligations that one may or may not have to comply with any act.

E. The Commissioner has not shown the liability on the part of Petitioner pursuant to 26 U.S.C. § 6011.

F. The Secretary has not ever assessed a tax on Petitioner pursuant to 26 U.S.C. § 6020.

G. Petitioner has received nothing during the years in question of a known tangible value that qualified as income and enjoys no grant of privilege or franchise.

H. The Petitioner did not volunteer to self-assess himself for these years. As such, this Notice of Deficiency appears to be a Crimen Falsi action of the Commissioner.

The facts upon which Petitioner relies are as follows:

A. Petitioner has no responsibility to file a return under the Internal Revenue Code. This is supported by 26 U.S.C. 6011 and 6012 and 6020 and the lack of any showing by the Commissioner.

B. The definition of "income" has been well-established by the United States Supreme Court to mean either "gain" or "profit" or both. Petitioner was not in receipt of either in any taxable amount.

C. The entire Internal Revenue Code.

D. The Respondent and his agents are now, and were then, aware that Petitioner was not "required" to file a return or pay a tax and issued this Notice of Deficiency with the willful and deliberate intent to deceive and coerce Petitioner into paying a tax that is not due and owing.

**4.** The court said:

We find that petitioner's amended petition is frivolous and was filed for but one purpose—delay of the assessment and collection of the taxes due and owing to the United States by the petitioner. * * * He has instituted this proceeding primarily for delay and his action is frivolous and groundless.

The statutory language of section 6673 does not require that the Tax Court hold a hearing or give notice to the taxpayer as a prerequisite to assessing damages under that section and we have previously noted that the decision whether to impose damages under section 6673 rests within the discretion of the Tax Court. *See Lukovsky v. Commissioner*, 734 F.2d 1320, 1321 (8th Cir.1984). The problem with the Tax Court's imposition of section 6673 damages in this case is that the court did not indicate anywhere in its opinion the facts from which it concluded that May knew the petition was frivolous and that he had commenced this proceeding primarily to delay the payment of taxes to enable us to review whether it appropriately exercised its discretion in this case.

We are not unsympathetic to the Tax Court's position in these tax protest cases. An all too familiar pattern of claims challenging the Commissioner's deficiency determinations on various constitutional grounds has arisen over the past half dozen years. The Tax Court first noted this trend in *Hatfield v. Commissioner*, 68 T.C. 895, 899 (1977):

> In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protestors add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us.
>
> Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society." *Compania de Tabacos [sic] v. Collector*, 275 U.S. 87, 100 [48 S.Ct. 100, 105, 72 L.Ed. 177] (1927). The greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depends upon a real and actual wrong—not an imagined wrong—which is susceptible of judicial resolution. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred.

Although the court did not impose damages in *Hatfield*, it warned that it would give "serious consideration" to imposing section 6673 damages in future cases, 68 T.C. at 900, and reiterated that warning in *Crowder v. Commissioner*, 37 T.C.M. (CCH) 1173, 1173–3 (1978). Nonetheless, the number of tax protest petitions continued to increase.

In 1979, the court for the first time, upon a motion by the Commissioner, awarded section 6673 damages. *Wilkinson v. Commissioner*, 71 T.C. 633 (1979). The following year the court awarded section 6673 damages for the first time, sua sponte, *Sydnes v. Commissioner*, 74 T.C. 864 (1980), and this court sustained that award on appeal. *Sydnes v. Commissioner*, 647 F.2d 813 (8th Cir.1981).

Despite the warnings and the imposition of section 6673 damages, the number of tax protest petitions continued to increase, *see Grimes v. Commissioner*, 82 T.C. 235, 238 (1984), and the Tax Court issued further warnings that it would begin to dispose of these cases summarily. *McCoy v. Commissioner*, 76 T.C. 1027, 1029–30 (1981),

**1306**

*aff'd,* 696 F.2d 1234 (9th Cir.1983).[5] In an attempt to stem the huge increase in the Tax Court's docket attributable to tax protest suits, Congress amended section 6673 in 1982, increasing the permissible penalty from $500 to $5,000 and expanding the court's authority to assess damages under that section to cases in which the taxpayer's suit is frivolous or groundless. *See* H.R.Rep. No. 404, 97th Cong., 1st Sess. 11, 15 (1981).

██ Accordingly, there is no doubt that the Tax Court may assess section 6673 damages against petitioners who abuse the system by filing frivolous petitions or who file petitions to delay payment of their taxes. The discretion given the court to impose damages under section 6673, however, is not an unbridled discretion; it is subject to appellate review to ensure that it is not abused. The courts of appeals have an obligation to ensure that the Tax Court's discretion does not become a talismanic formula that effectively precludes appellate review in apparent tax protest cases. Thus, the Tax Court should indicate the facts upon which it relied in assessing section 6673 damages to facilitate review on appeal as to whether its exercise of discretion was appropriate.

██ It is, perhaps, understandable—in view of the endless number of virtually identical positions attacking the constitutionality of the Internal Revenue Code—that the Tax Court has seemingly resorted to a broad brush approach in these cases in assessing the motives of the taxpayers bringing these actions. Nevertheless, judges must exercise cautiously and prudently the power to impose sanctions against parties for cluttering the courts with frivolous actions and appeals because of the chilling effect which the spectre of the exercise of that power may spread. The doors of our courts must always remain open to persons seeking in good faith to invoke the protection of the law, *see Crain v. Commissioner,* 737 F.2d 1417, 1418 (5th Cir.1984); *cf. Kile v. Commissioner,* 739 F.2d 265, 269 (7th Cir.1984) ("The doors of this courthouse are of course open to good faith appeals of what are honestly thought to be errors of the lower courts."), to resist its heavy-handed application, or to urge novel and pathbreaking interpretations or extensions of the law. Arguments which might today appear frivolous, may very well become well-established law in the future. Thus, we think sanctions are properly imposed for the filing of frivolous actions or the bringing of frivolous appeals only in those instances in which it is incontrovertable that the taxpayer did not institute the action or bring an appeal in good faith because he knew or should have known that the claim or argument was frivolous or because he sought to delay payment of taxes.

We do not, in light of the circumstances of this case, decide whether the Tax Court must always give notice and hold a hearing before it may assess section 6673 damages. We do think, however, that a showing of

---

5. We are only too aware of the frustration the Tax Court feels in having to dispose of innumerable cases raising the same well-worn general challenges to the Internal Revenue Code. The filing of frivolous appeals from Tax Court decisions apparently is on the rise everywhere, and several courts of appeals, including this court, have resorted with increasing frequency in the last two years to awarding costs and damages under Fed.R.App.P. 38 in an attempt to stem these appeals. *See, e.g., Crain v. Commissioner,* 737 F.2d 1417 (5th Cir.1984) (double costs and $2,000 damages); *Parker v. Commissioner,* 724 F.2d 469 (5th Cir.1984) (double costs and warning of award of damages and full Fed.R.App.P. 38 sanctions in future); *Steinbrecher v. Commissioner,* 712 F.2d 195 (5th Cir.1983) (double costs); *Knighten v. Commissioner,* 702 F.2d 59 (5th Cir.) (double costs), *cert. denied,* —— U.S. ——, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983); *Perkins v. Commissioner,* 746 F.2d 1187 (6th Cir. 1984) (double costs and warning of attorneys' fees); *Kile v. Commissioner,* 739 F.2d 265 (7th Cir.1984) (costs and attorneys' fees); *Lukovsky v. Commissioner,* 748 F.2d 499 (8th Cir.1984) (costs and attorneys' fees); *Hansen v. United States,* 744 F.2d 658 (8th Cir.1984) (costs); *Baskin v. United States,* 738 F.2d 975 (8th Cir.1984) ($250 damages); *Lukovsky v. Commissioner,* 734 F.2d 1320 (8th Cir.1984) (warning of damages and double costs in future); *Ueckert v. Commissioner,* 721 F.2d 248 (8th Cir.1983) (warning of award of damages and double costs in future); *McCoy v. Commissioner,* 696 F.2d 1234 (9th Cir. 1983) (double costs); *Edwards v. Commissioner,* 680 F.2d 1268 (9th Cir.1982) (double costs).

willfulness, or lack of good faith, is required. In those instances in which that showing is made, imposition of section 6673 damages is certainly appropriate.[6]

A survey of the cases in which the Tax Court has imposed damages pursuant to section 6673 discloses that the court has generally imposed those damages in appropriate cases in which the taxpayer's lack of good faith was evident. For example, in a number of cases the court has assessed section 6673 damages against taxpayers who have filed successive petitions raising the same arguments, even though the arguments had been rejected in the prior suits and the taxpayer informed that the arguments were frivolous.[7] In other cases, the court has assessed section 6673 damages after finding that the taxpayer had knowledge that the claim was frivolous and had asserted it merely to delay payment of taxes, whether that was actual knowledge,[8] or where the taxpayer was represented by counsel and therefore had constructive knowledge that the claim was frivolous.[9] The court has also assessed section 6673 damages in cases brought by petitioners who belonged to organized tax protest organizations whose members inundated the courts with hundreds of similar petitions raising identical grounds previously reject-

---

**6.** In *Graves v. Commissioner,* 41 T.C.M. (CCH) 1204 (1981), *aff'd without published opinion,* 698 F.2d 1219 (6th Cir.1982), the Tax Court observed, in rejecting for a third time the claim by taxpayer Graves that he had a constitutional right to make deductions from his taxes as a war protest:

> Petitioners still insist that as a matter of conscience they must "bear active witness to [their] objections to war" and must register "continual protest by whatever means are available." However, bringing baseless lawsuits * * * is not an available means for petitioners to register their protests and to bear witness to their objections to war. Petitioners admit that their purpose is to delay if not prevent collection of the taxes altogether * * *. * * * The Court is mindful of First Amendment rights and cannot, of course, close the doors of the Court to tax protestors. However, those protestors who want to use this Court as their soapbox from which to deliver speeches should pay the toll of $500 for the damages they are inflicting on the system and on other taxpayers.

41 T.C.M. at 1206–07.

**7.** *See, e.g., Lukovsky v. Commissioner,* 734 F.2d 1320 (8th Cir.1984) (two prior suits); *Sydnes v. Commissioner,* 74 T.C. 864 (1980), *aff'd,* 647 F.2d 813 (8th Cir.1981) (two prior suits); *Coulter v. Commissioner,* 82 T.C. 580 (1984) (one prior suit); *Grimes v. Commissioner,* 82 T.C. 235 (1984) (one prior suit); *Jacobs v. Commissioner,* 46 T.C.M. (CCH) 1119 (1983) (four prior suits); *Lynch v. Commissioner,* 46 T.C.M. (CCH) 829 (1983) (one prior suit); *Jacobs v. Commissioner,* 43 T.C.M. (CCH) 1071 (1982) (three prior suits); *Ballard v. Commissioner,* 43 T.C.M. (CCH) 465 (1982) (one prior suit); *Graves v. Commissioner,* 41 T.C.M. (CCH) 1204 (1981) (one prior suit), *aff'd without published opinion,* 698 F.2d 1219 (6th Cir.1982); *Greenberg v. Commissioner,* 73 T.C. 806 (1980) (two prior suits).

**8.** *See, e.g., Beard v. Commissioner,* 82 T.C. 766 (1984) (taxpayer admitted he had studied cases, statutes, and regulations pertaining to federal income taxes and that he knew the theory on which he based his claim had been rejected as frivolous); *Vickers v. Commissioner,* 46 T.C.M. (CCH) 833 (1983) (Commissioner advised taxpayers in deficiency notice that their claim had no legal basis); *Stamper v. Commissioner,* 46 T.C.M. (CCH) 46 (1983) (taxpayer had been advised in three previous years that his claim was frivolous and Commissioner advised him in deficiency notice that his position had been repeatedly rejected as frivolous and cited, in the notice, those cases to taxpayer); *Senesi v. Commissioner,* 43 T.C.M. (CCH) 143, 144–45 (1981) (taxpayers brought suit to make their "religious beliefs public, [and] to offer [their] thoughts in the public arena as elements of truth searching in which we are all engaged" even though they knew their argument was frivolous and that Congress, and not the courts, was the proper forum in which to present their views); *Wilkinson v. Commissioner,* 71 T.C. 633 (1979) (Commissioner sent copies of opinions which had rejected taxpayer's contentions as frivolous and taxpayer admitted to having read them); *see also Shelton v. Commissioner,* 42 T.C.M. (CCH) 1287 (1981) (taxpayers admitted they knew their arguments had been rejected and brought suit only as matter of conscience but court refused to impose damages because no clear showing of taxpayers' intent merely to delay payment of taxes had been made).

**9.** *See, e.g., Abrams v. Commissioner,* 82 T.C. 403 (1984); *Manley v. Commissioner,* 46 T.C.M. (CCH) 1359 (1983) (counsel had previously represented another taxpayer raising same claim in which argument had been rejected as frivolous); *Cornell v. Commissioner,* 46 T.C.M. (CCH) 555 (1983).

ed by the court merely to clog up the Tax Court's docket and delay payment of taxes.[10]

Nonetheless, this extended discussion is warranted because even though the Tax Court generally has sparingly exercised its discretion to award damages under section 6673 in appropriate cases, in the past two years a somewhat disturbing trend appears to be emerging. In several cases similar to May's, the Tax Court has awarded damages, sua sponte, solely because the suit was based on "frivolous" contentions long since rejected, from which the court apparently has concluded that the suit was brought primarily to delay the payment of taxes because no taxpayer could have possessed a reasonable expectation that the court would reverse itself and render a favorable decision to the taxpayer. *See, e.g., Klimek v. Commissioner*, [Current Memo Decisions] *Tax Ct.Rep.* (CCH) (48 T.C.M.) 50 (May 7, 1984); *Ross v. Commissioner*, 47 T.C.M. (CCH) 920 (1984); *Tuckett v. Commissioner*, 46 T.C.M. (CCH) 1413 (1983); *Miller v. Commissioner*, 46 T.C.M. (CCH) 1054 (1983); *Perkins v. Commissioner*, 46 T.C.M. (CCH) 1046 (1983), *aff'd*, 746 F.2d 1187 (6th Cir.1984); *Burton v. Commissioner*, 46 T.C.M. (CCH) 924 (1983); *Mele v. Commissioner*, 46 T.C.M. (CCH) 646 (1983).

■ We disapprove of this reasoning. Although it may very well be that section 6673 damages were appropriate in these cases just as they were appropriate in those cases previously discussed, the Tax Court, in these cases, has failed to note in its opinion any facts which would enable an appellate court to review its finding that the taxpayer knew the argument was frivolous and filed it merely to delay payment of taxes. The mere filing of a frivolous petition, absent a finding that the taxpayer had knowledge that the petition was frivolous or that it was filed primarily to delay payment of taxes, is a legally insufficient ground upon which to justify the imposition of section 6673 damages. The possibility still exists that a pro se taxpayer may, in good faith, file a petition raising these types of arguments without the actual or imputed knowledge that they are frivolous. Unless that petitioner subsequently becomes aware that his petition is frivolous, and yet continues to maintain the proceeding, he should not be subject to section 6673 damages. *See Grimes v. Commissioner*, 82 T.C. 235, 238–39 (1984). We have little doubt but that such a case will be exceedingly rare and that the great bulk of these petitions burdening the district courts and the Tax Court are filed by tax protestors who, notwithstanding a sincere belief in the validity of their claims, know that these arguments have repeatedly been rejected as frivolous but who maintain their suits to delay payment of taxes, clog up the courts, or as a symbolic protest against a system with which they do not agree. Whatever the reason, we emphatically agree that section 6673 damages are appropriate in such cases—either as a penalty for abuse of process, or as a fee for using the courts as their personal "soapbox." The Tax Court must, however, provide to the appellate courts the relevant facts establishing the subjective intent necessary to support section 6673 damages.

■ Despite the Tax Court's failure to indicate in its opinion the facts upon which it relied in assessing damages, sua sponte, against May, we conclude, upon review of the entire record, that May, by his course of conduct in this proceeding, has evidenced that he filed the petition primarily to delay the payment of taxes. The Tax Court, in several other cases, has determined, based on the taxpayer's course of conduct and failure to prosecute the case— e.g., failure to cooperate with the court and respond to requests, failure to file responses to pleadings and pretrial motions, failure to present any evidence to the court—that the taxpayer filed a frivolous petition pri-

---

**10.** *See, e.g., Copeland v. Commissioner*, [Current Memo Decisions] *Tax Ct.Rep.* (CCH) (48 T.C.M.) 147 (May 22, 1984); *Pardo v. Commissioner*, [Current Memo Decisions] *Tax Ct.Rep.* (CCH) (48 T.C.M.) 145 (May 22, 1984); *Gellatly v. Com-* *missioner*, [Current Memo Decisions] *Tax Ct. Rep.* (CCH) (48 T.C.M..) 108 (May 15, 1984); *Raccio v. Commissioner*, 47 T.C.M. (CCH) 1271 (1984); *Africa v. Commissioner*, 47 T.C.M. (CCH) 1178 (1984).

marily for delay. *See, e.g., Hinshaw v. Commissioner,* [Current Memo Decisions] *Tax Ct.Rep.* (CCH) (48 T.C.M.) 71 (May 8, 1984); *Stafford v. Commissioner,* 47 T.C.M. (CCH) 172 (1983); *Lynch v. Commissioner,* 46 T.C.M. (CCH) 829 (1983); *Goodrich v. Commissioner,* 46 T.C.M. (CCH) 771 (1983); *Wilkinson v. Commissioner,* 71 T.C. 633 (1979).

Similarly, May has had ample opportunity before the Tax Court and on this appeal to demonstrate that he brought this proceeding in good faith and had a legitimate basis upon which to challenge the Commissioner's determinations. We note that he twice sought extensions from the Tax Court from filing deadlines. Despite receiving an extension of time in which to respond to the Commissioner's motion to dismiss, he did not file a response establishing that he had a good faith colorable claim. Nevertheless, he brought an appeal from the Tax Court's dismissal of his petition. This court explicitly advised May that he could obtain an attorney and file a response to the government's letter brief in this appeal. Again, May has not responded. This lack of response confirms, in our view, that May instituted this proceeding primarily for delay and that the Tax Court did not abuse its discretion in assessing section 6673 damages in this case. In any event, May clearly had knowledge that his position was frivolous after the Tax Court rendered its decision such that his appeal to this court would merit costs and damages to the Commissioner pursuant to Rule 38 of the Federal Rules of Appellate Procedure had the Tax Court not assessed section 6673 damages.

## III. CONCLUSION.

We affirm the Tax Court's dismissal of May's petition and, based upon a complete review of the record, its imposition of section 6673 damages.

We add an important comment and suggestion. In future cases, the Tax Court should make specific findings of fact which justify imposition of damages under the applicable statute. Such findings may be made on the record in clear cases of abuse of proceedings by the taxpayer. In other cases, the Tax Court, by an order to show cause, should give the taxpayer the opportunity to establish good faith in filing the proceedings in the Tax Court and then make appropriate findings. Such procedures will enable appellate courts, such as this court, to review efficiently the exercise of discretion by the Tax Court without the necessity of surmising findings of fact, as we have done in the instant case.

ROSS, Circuit Judge, concurs in the result.