Paul W. **GRABER**, et al., Plaintiffs,

v.

**UNITED STATES**, et al., Defendants.

No. CIV. 4–96–70785.

United States District Court,
S.D. Iowa,
Central Division.

Aug. 15, 1997.

---

Paul W Graber, Fairfield, Pro se.

Gary L. Hayward, Asst. U.S. Atty., Des Moines, IA, Joan Stentiford Ulmer, Donald N. Dowie, Jr., U.S. Dept. of Justice, Washington, DC, for Defendants.

## FINDINGS AND ORDER FOR PENALTY JUDGMENTS

VIETOR, Senior District Judge.

Plaintiffs, 32 residents of Iowa, filed a pro se complaint for damages against the United States and numerous government employees under 26 U.S.C. § 7433.[1] Essentially, plaintiffs allege that the filing of federal income tax returns and the payment of federal income taxes is voluntary, and that defendants' refusal to permit plaintiffs to "revoke" their "elections" to pay federal income taxes constitutes a violation of the involuntary servitude prohibition of the Thirteenth Amendment to the United States Constitution. Plaintiffs sought damages in the amount of $672,000,000, $21,000,000 for each plaintiff.[2]

I granted the defendants' motion to dismiss the action for failure to state a claim upon which relief can be granted. Finding that the positions maintained by plaintiffs in their complaint were frivolous and groundless, I also granted defendants' motion for summary judgment on their counterclaim for judgment against each plaintiff for a penalty not in excess of $10,000 pursuant to 26 U.S.C. § 6673(b)(1).

On August 13, 1997, after notice to all of the parties, I conducted a hearing to determine the appropriate amount of penalty, if any, to be imposed on each plaintiff. The defendants were represented by Joan Stentiford Ulmer, Trial Attorney, Tax Division, United States Department of Justice, and Gary Hayward, Assistant United States Attorney for the Southern District of Iowa. All plaintiffs appeared except Donna Miller, Dorothy Stout, Samuel Z. Strong, Jr., Roger W. Roth, Wilda J. Ubben, Mary V. Miller, Den-

---

1. Section 7433(a) provides in pertinent part:
   If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

2. Section 7433(b) imposes a one million dollar cap on the amount of damages that may be awarded to a plaintiff.

ise Smith, Johnny M. Smith, Mary J. Burke, Thomas Burke, Norma Miller, Milton T. Leonard, Jacob W. Schrock, Joan L. Miller, and Thomas Joseph Stecklein. The husbands of Donna Miller, Dorothy Stout, Wilda J. Ubben, Mary V. Miller, Norma Miller, and Joan L. Miller are also plaintiffs and they did appear and spoke for their absent spouses as well as speaking for themselves. All plaintiffs are pro se.

## GOVERNING PRINCIPLES

Section 6673(b)(1) of the Internal Revenue Code provides:

> Whenever it appears to the court that the Taxpayer's position in the proceedings before the court instituted or maintained by such tax-payer under section 7433 is frivolous or groundless the court may require the taxpayer to pay to the United States a penalty not in excess of $10,000.

26 U.S.C. § 6673(b)(1).

In determining whether to assess a penalty and, if so, the amount thereof, the case of *May v. C.I.R.*, 752 F.2d 1301 (8th Cir.1985), is instructive. *May* involved an earlier version of section 6673(a) that empowered the Tax Court to award "damages" if the taxpayer instituted or maintained frivolous or groundless proceedings. The court stated:

> [W]e think sanctions are properly imposed for the filing of frivolous actions or the bringing of frivolous appeals only in those instances in which it is incontrovertible that the taxpayer did not institute the action or bring an appeal in good faith because he knew or should have known that the claim or argument was frivolous....

*Id.* at 1306. The court went on to say:

> We do think, however, that a showing of willfulness, or lack of good faith, is required. In those instances in which that showing is made, imposition of section 6673 damages is certainly appropriate.

*Id.* at 1306–07. The court noted that an assessment under section 6673 is appropriate against taxpayers who have filed successive petitions raising the same arguments, even though the arguments had been rejected in prior suits and the taxpayer informed that the arguments were frivolous, and in cases brought by persons who belong to organized tax protest organizations whose members inundated the courts with hundreds of similar petitions. *Id.* at 1307–08.

The court went on to observe:

> The mere filing of a frivolous petition, absent a finding that the taxpayer had knowledge that the petition was frivolous ..., is a legally insufficient ground upon which to justify the imposition of section 6673 damages. The possibility still exists that a pro se taxpayer may, in good faith, file a petition raising these types of arguments without the actual or imputed knowledge that they are frivolous. Unless that petitioner subsequently becomes aware that his petition is frivolous, and yet continues to maintain the proceeding, he should not be subject to section 6673 damages. *See Grimes v. Commissioner*, 82 T.C. 235, 238–39, 1984 WL 15536 (1984). We have little doubt but that such a case will be exceedingly rare and that the great bulk of these petitions burdening the district courts and the Tax Court are filed by tax protesters who, notwithstanding a sincere belief in the validity of their claims, know that these arguments have repeatedly been rejected as frivolous.... Whatever the reason, we emphatically agree that section 6673 damages are appropriate in such cases—either as a penalty for abuse of process, or as a fee for using the courts as their personal "soapbox."

*Id.* at 1308.

## EVIDENTIARY FACTS

■ This case is not the first time that plaintiff Paul W. Graber has made frivolous and groundless assertions in this court in an effort to avoid meeting his responsibilities as a taxpayer. *See United States v. Paul W. Graber*, No. M–1–83, an IRS summons enforcement proceeding in which Judge Longstaff rejected Mr. Graber's theories as being "without any legal or rational basis," and dismissed his counterclaim for damages (Order of May 15, 1996), and in which Mr. Graber was ultimately found to be in contempt of court for his failure to comply with Judge Longstaff's May 15, 1996, order grant-

ing the petition of IRS to enforce its summons.

At the August 13 hearing, the government submitted Exhibit 1, a brief synopsis of other court cases involving some of the plaintiffs, but the synopsis of these cases does not support the government's contention that the plaintiffs who were involved in those cases "are experienced litigants and have previously brought lawsuits based on arguments characterized in judicial decisions as protester-type meritless arguments such as are involved in the instant litigation." (Statement of Federal Defendants in Support of Penalties, page 2.) Defendants do not offer any records from these cases, and it would be speculation for me to reach the conclusion from Exhibit 1 that the government wants me to reach.

The information presented at the August 13 hearing demonstrates that plaintiff Paul W. Graber played a very active role in bringing and maintaining plaintiffs' lawsuit. He acted as scrivener, preparing and filing the various papers filed by plaintiffs.

■ The information presented at the August 13 hearing discloses that the plaintiffs, while perhaps not forming or joining an identifiable tax protester organization, frequently got together at meetings and discussed and studied the laws relating to income taxes. None ever consulted a lawyer about the merits of the theories they advanced in their complaint.

Plaintiff Paul W. Graber and all the plaintiffs who were present at the hearing expressed the view that the lawsuit could have been avoided if the Internal Revenue Service had responded to administrative claims filed by them seeking millions of dollars of damages. (The administrative claims are, on their face, frivolous and groundless.)

### ULTIMATE FINDINGS AND CONCLUSIONS

I find and conclude that plaintiff Paul W. Graber, even if he sincerely believes that his claims are valid (which I doubt), knew when he commenced this lawsuit that such arguments have repeatedly been rejected by the courts as frivolous.

I further find and conclude that the other 31 plaintiffs, even if they sincerely believe that their claims are valid (which I doubt), knew, or most certainly should have known, that their claims would be rejected as frivolous. They met and they studied the tax laws. If they studied the tax laws—and I do not question that they did—it had to be apparent to them that the theories they advanced in their complaint were frivolous and groundless. To put it bluntly, the claims are just plain goofy, and any person except one purposely self-deluding himself or herself would know that. None of the plaintiffs brought their suit in good faith.

All the plaintiffs will be assessed a penalty. Because of Paul W. Graber's past experience in Case No. M–1–83 and his leading role in filing this lawsuit, he will be penalized a significantly greater amount than the other plaintiffs. There was a very significant cost to the taxpayers of dealing with this litigation, taking into account the expenditure of Justice Department and court resources. I believe, however, that the penalties are sufficient to penalize plaintiffs and deter them and others from filing such frivolous and groundless lawsuits in the future, but not so great as to financially damage them to an unreasonable extent.

### ORDER FOR PENALTY JUDGMENT

Plaintiff Paul W. Graber shall pay to the United States a penalty in the amount of $5,000.00, and the clerk shall enter judgment against him and in favor of the United States in that amount.

Each of the other 31 plaintiffs, William Miller, Donna Miller, William Stout, Dorothy Stout, John Hixson, Enos C. Miller, Samuel Z. Strong, Jr., Roger W. Roth, Herman L. Ubben, Wilda J. Ubben, Mary V. Miller, Albert C. Miller, Denise Smith, Johnny M. Smith, Sally Lynn Webster, Mary J. Burke, Thomas Burke, Norma Miller, Ezra M. Miller, Milton T. Leonard, Mark C. Walker, Keith Wander, Sandra Wander, Gerald J. Wander, Edward Jirak, Jacob W. Schrock, Chris Krise, Renee Krise, Donald D. Miller, John L. Miller, and Thomas Joseph Stecklein, shall pay to the United States a penalty

in the amount of $1,000.00, and the clerk shall enter judgment against each of them and in favor of the United States in that amount.