DEAN E. SCHADE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schade v. Commissioner
Docket No. 29759-82.
United States Tax Court
T.C. Memo 1986-265; 1986 Tax Ct. Memo LEXIS 341; 51 T.C.M. (CCH) 1295; T.C.M. (RIA) 86265; July 1, 1986. Rogelio A. Villageliu, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following Federal income tax deficiencies and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
1979
$7,253.43
$623.07
$362.67
1980
4,718.96
1,178.06
235.95
The only issue remaining for decision in this case is whether damages should be awarded to the United States pursuant to section 6673. Petitioner resided in Cedar Rapids, Iowa, when he filed the petition in this case. In addition to disputing all the determinations made by respondent in his statutory *342 notice of deficiency, the petition alleges that respondent's determination of petitioner's gross income was based on an "arbitrary assumption" without "verification, substantiation or basis." It is further alleged that respondent denied petitioner legitimate expenses and exemptions and arbitrarily imposed additions to the tax. However, there are no facts alleged which support petitioner's claims or naked assertions. Petitioner was invited to meet with respondent's counsel on November 25, 1983, in order to prepare a stipulation of facts but he never responded to the invitation and subsequently failed to appear for the conference on the scheduled date. A second conference was scheduled by respondent's counsel for August 23, 1984, but petitioner again neglected to respond to the invitation and failed to appear for the conference. After the Court issued the notice of trial in this case, respondent sent petitioner a proposed stipulated of facts which he ignored. Pursuant to Rule 91(f) of the Tax Court Rules of Practice and Procedure, [2] this Court issued an Order to Show Cause requiring petitioner to show why respondent's proposed stipulation of facts should not be accepted. Petitioner *343 did not respond and he failed to appear for the hearing on October 3, 1984. Consequently, the Court's Order to Show Cause was made absolute and the facts contained in respondent's proposed stipulation were deemed admitted. When the case was called at the trial session in Des Moines, Iowa, petitioner did not appear to prosecute his case. His failure to produce evidence, with regard to issues as to which he bears the burden of proof, led this Court to grant respondent's motion to dismiss pursuant to Rule 123 for failure to properly prosecute. See also Rule 149. Therefore, the deficiencies and additions to tax determined by respondent were sustained. At the trial session, respondent filed a motion for an award of damages in the amount of $500 pursuant to section 6673. We will award damages of $500 to the United States pursuant to section 6673, [3] which provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer 's position in such proceedings is frivolous or groundless, damages *344 in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. This is clearly a situation where petitioner filed forms that failed to disclose any information or data from which respondent could compute and assess petitioner's tax liability for the years 1979 and 1980. They do not constitute income tax returns. Cupp v. Commissioner,65 T.C. 69, 79 (1975), affd. by order 559 F.2d 1207 (3d Cir. 1977). Furthermore, petitioner's blanket assertion of the privilege against self-incrimination on his Forms 1040 as grounds for refusing *345 to disclose any information is rejected. Thompson v. Commissioner,78 T.C. 558, 562 (1982). His failure to stipulate facts, respond to the Court's orders and appear at the trial to prosecute his case, when considered along with his frivolous and groundless petition, convinces us that this proceedings was instituted and maintained primarily for delay. Petitioner was well aware that the income which he received was reportable as gross income and that he was required to file income tax returns. Petitioner knew that the arguments he asserted were frivolous, but nevertheless proceeded to advance them. May v. Commissioner,752 F.2d 1301 (8th Cir. 1985), affg. a Memorandum Opinion of this Court; Abrams v. Commissioner,82 T.C. 403, 408-413 (1984). Accordingly, we think damages are appropriate and respondent's motion will be granted. An order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The amount of damages that can be awarded pursuant to section 6673 was increased from $500 to $5,000 as part of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574. New section 6673 is applicable to any action or proceeding in the Tax Court commended after December 31, 1982 or pending in the United States Tax Court on the day which is 120 days after July 18, 1984.↩